## SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF NEW-YORK,

#### IN NOVEMBER TERM, IN THE THIRTY-FIFTH YEAR
#### OF OUR INDEPENDENCE.

<div style="text-align:right">

NEW-YORK,
Nov. 1810.

</div>

PHILLIPS *against* COVERT and COVERT.

<div style="text-align:right">

PHILLIPS
v.
COVERT.

</div>

THIS was an action of trespass. The declaration contained three counts: 1. For breaking and entering the *close* of the plaintiff, and treading down and destroying the grass, &c. 2. For breaking and entering the plaintiff's *close*, and cutting down his trees, &c. 3. For breaking and entering the *close* of the plaintiff, and taking and carrying away the goods and chattels of the plaintiff, &c. Plea, *not guilty.*

The cause was tried at the *Duchess* circuit, *August*, 1809, before Mr. Justice *Spencer.*

A witness for the plaintiff testified, that about ten years ago, he surveyed lot No. 2. in *Phillips's Patent,* and laid it out into forty-nine farms; that farm No. 31. was at that time possessed by *William Lovelace,* who acknowledged that he held under the plaintiff.

<div style="text-align:right; font-style:italic; font-size:small">

Trespass lies against a tenant at will for a voluntary waste, as in cutting timber; for the injury amounts to a determination of the tenancy.

A tenant at will is considered as holding from year to year, only for purpose of a notice to quit; but he has no right to such notice, after he has determined the will, by an act of voluntary waste.

</div>

VOL. VII.  A

*Amos Belden* had been an agent for the plaintiff for about eighteen years, during which time the persons in possession of lands in No. 2. acknowledged the plaintiff as owner, and paid rent to him. The tenants· have no leases, but go on the land, with the permission of the plaintiff, and hold at his will. When a tenant transfers his possession, application is made to the agent, and if he agrees to the change of tenants, the name of the new tenant is inserted in the rent-book. Notice was ·given to the persons in possession not to cut more timber than was necessary for their farms. The defendants never offered themselves as tenants, nor have they been recognised as such by the plaintiff; nor have their names been entered in his book, nor has any rent been demanded or received of them.

*William Lovelace* had been in possession of farm No. 31. containing 400 acres, for several years; and his name was entered in the plaintiff's rent-book, and he paid rent to the agent. He had no lease, but was to hold the land, as long as he behaved well, and paid rent. He afterwards sold 100 acres of his possession to *Samuel Den* and *Samuel Denny*, who each went into possession of a part of the 100 acres, having obtained the consent of the agent. They paid some rent to the agent. *Denny* continued in possession; but *Den* left his part, and went away, and the defendants came on that part of the land which *Den* had left. *Lovelace* had given the defendants a quit-claim for the part in their possession; but it was after most of the timber had been cut down. It was proved that the defendants had cut considerable quantities of timber and wood on the part of the land in their possession, which was the *locus in quo.*

The judge having expressed an opinion, that, on the facts, as they appeared in evidence, the plaintiff could not recover, the plaintiff submitted to a nonsuit, with leave to move the court to set it aside.

A motion was accordingly made to set aside the nonsuit.

*Emott*, for the plaintiff. Trespass lies in this case. In *Campbell* v. *Arnold*,* the court, by saying a possession in fact was necessary to maintain trespass *quare clausum fregit*, did not mean that an actual occupancy was requisite. For the owner of the soil, having the possession in law, may maintain trespass. In *Cortelyou* v. *Van Brundt*,† it was held that the owner of the land, used as a public highway, might maintain trespass for any exclusive appropriation of the soil. In *Tobey* v. *Webster*,‡ the court said that a landlord might maintain trespass against a tenant at will, for any waste or destruction, because such an injury to the freehold was a determination of the estate. Here was a mere tenancy at will; and though, by the modern determinations, it is held to be a tenancy from year to year, this does not vary the rights and remedies of the parties. If a tenant from year to year does any act disclaiming or disavowing the landlord, he may be treated as a trespasser.§ Now a destruction of the timber is equivalent to such a disavowal; for it is acting as owner.

* 1 *Johns. Rep.* 511.

† 2 *Johns. Rep.* 357.

‡ 3 *Johns. Rep.* 361. 2 *Roll Abr.* 531. (N.) pl 3, 4. *Litt.* sect. 71. *Co Litt.* 57. a. *Dyer*, 121. b. *Saville*, 84.

§ *Bull. N. P.* 96. *Peake's N. P.* 196, 197.

According to modern decisions, no action of *waste* will lie against this sort of tenants ; and the landlord, if he cannot maintain trespass, would be without remedy.

The act to prevent trespasses on land, (28 sess. c. 94.) gives *treble* damages, to be recovered by an action of trespass ; and it was, no doubt, the intention of the act to reach cases like the present ; but if trespass is held not to lie, treble damages cannot be recovered.

Again, the defendants were not tenants of the plaintiff, but mere strangers. Their names were not entered in the rent-book, nor does it appear that they were considered by the plaintiff as his tenants.

*Lovelace*, or *Den*, who was a mere tenant at will, could not assign, without the consent of the plaintiff.¶

¶ *Co. Litt.* 57. a. 2 *Esp. Rep.* 505.

And by the statute of frauds, (10 sess. c. 44. s. 10.) no lease, estate, or any interest in land, can be assigned, unless in writing; and the greater part of the trespass complained of was committed before any assignment was made to the defendants.

Again, where the trees are reserved by the landlord, trespass lies against the tenant for cutting them down.[*] So, after trees are cut down and suffered to remain on the land, trespass lies for taking and carrying them away.

*Talmadge*, contra. *Lovelace* had a right to transfer his interest to the defendants, so as to constitute them tenants. A tenancy at will is at the will of both parties.[†]

[KENT, Ch. J. The statute of frauds defines an estate at will. Tenancies at will are now held to be estates from year to year, merely for the sake of a notice to quit. As to every other purpose, they are regarded as mere tenancies at will.]

Here was a letting without any determinate period of time, and rent reserved. It was, therefore, a tenancy for years;[‡] and the tenant was entitled to notice to quit, and might assign his interest.

The law by which the present case is to be decided has been settled by this court in *Campbell* v. *Arnold*,[§] and *Tobey* v. *Webster*.[¶]

Occupation implies possession, and trespass can only be brought by him who is in the *possession* of land.[**]

The proper remedy of the plaintiff is by an action of waste, or an action on the case.[††] This is an action of trespass *quare clausum fregit*, which is very different from an action *de bonis asportatis*.

*Per Curiam.* There is no doubt but that an action of trespass will lie against a tenant at will for voluntary

*[margin notes]*
* Bull. N. P. 84. Bro. Tresp. 55. Comberb. 453.
† Co. Litt. 55. a.
‡ 8 Term Rep. 3. 3 Burr. 1609.
§ 1 Johns. Rep. 512.
¶ 3 Johns. Rep. 468.
** 5 East's Rep. 485.
†† 3 Lev. 131. 209. 3 Wooddes. 193.

waste, as in the cutting of timber; for the injury amounts to a determination of the will and of his possession. (*Co. Litt.* 57. a. *5 Co.* 13. a. *Cro. Eliz.* 777. 784.) The defendants in this case were nothing more than tenants at will, for the purpose of this action, even if they were entitled to be considered as holding from year to year, for the purpose of a notice to quit; and they would have had no right to such notice, after they had determined the will. The nonsuit must be set aside, and a new trial awarded, with costs to abide the event of the suit.