## WICKHAM against FREEMAN.

THIS was an action of trespass, *quare clausum fregit*, &c. in the town of *Spafford*, for cutting and carrying away hay and corn, &c. and for cutting and destroying apple trees, &c. The defendant pleaded the general issue. At the trial, before Mr. Justice *Platt*, at the *Onondaga* circuit, in *June*, 1814, the plaintiff offered to prove, that in 1812, he leased the premises, by parol, to *Abel Ammiden*, for one year, to the 1st of *April*, 1813; that the lessee entered into possession, by virtue of the agreement, as his tenant, and held over until *September*, 1813; and whilst he so held over, the defendant committed the trespass, &c. This evidence was objected to by the defendant, and overruled by the judge.

The plaintiff then offered to prove, that soon after *Ammiden* quitted the possession, the plaintiff re-entered, and that between

Evidence, that the plaintiff let the *locus in quo*, to A. for one year, and that A. entered under the lease, and held over, and then quitted the possession, and the plaintiff afterwards re-entered, is not sufficient to enable the plaintiff to maintain an action of trespass *quare clausum fregit* against B. for cutting and carrying away corn, &c. during the time A. held over,

or between the time of his quitting the possession, and the time of the plaintiff's re-entry. To maintain the action, the plaintiff must show an actual possession of the premises; or that he is entitled in remainder or reversion, or in case the premises are vacant, that he has the legal title which draws to it the possession.

NEW-YORK,
  May, 1815.
~~~~~~
WICKHAM
  v.
FREEMAN.

the time when *Ammiden* so quitted the premises, and the time of the re-entry of the plaintiff, the defendant committed the trespass, &c. This evidence was also objected to by the defendant's counsel, and overruled by the judge. The plaintiff was, thereupon, nonsuited, with liberty to move the court to set aside the nonsuit, and for a new trial.

The case was submitted to the court, without argument.

*Per Curiam.* The motion to set aside the nonsuit must be denied. In the case of *Campbell* v. *Arnold,* (1 *Johns. Rep.* 512.) the court say, the rule appears to have been long and well settled, that there must be a possession in fact of the real property to which the injury was done, in order to entitle a party to maintain an action of trespass *quare clausum fregit.* The plaintiff does not bring himself within the provisions of the act, giving the action of trespass to a remainderman or reversioner, notwithstanding any intervening estate for life or years. (1. N. R. L. 527.) He showed no title whatever, except a bare possession of his tenant, for one year. He could not, by this, be said to be seised of an estate in remainder or reversion. For aught that appears, his interest in the land commenced and ended with this one year's possession, until after the trespass for cutting and carrying away the corn was committed; and if so, he had no estate either in remainder or reversion; and it was incumbent on the plaintiff to show, that he had an estate of one or the other description, to bring himself within the act: and besides, the intervening estate had ended before the trespass was committed. Under these circumstances, he could not maintain trespass for cutting and carrying away the corn. Nor is his right to maintain the action for cutting down the fruit trees better supported. At the time that was done, the *locus in quo* was vacant and in the actual possession of no person. And the plaintiff did not show, in himself, any title, which would, in judgment of law, draw after it the possession. For any thing that appears, he entered without title, after the possession was abandoned by his tenant. The plaintiff could not be said to be disseised by his tenant; and even if he was, his re-entry would not relate back so as to give him an action of trespass against a stranger; for it is a general rule, with respect to the doctrine of relation, that it shall not do wrong to strangers. (3 *Caines,* 262.) And it is expressly laid down in *Rolle,* (2. *Roll. Ab.* 553.

6 *Bac. Ab.* 566.) that the disseisee of land cannot maintain trespass, *quare clausum fregit*, for an injury done thereto, betwixt the time of the disseisin and his re-entry, for he does not, until a re-entry be made, regain the possession in fact of the land.