Tunnicliff
v.
Lawyer.

*A. P. Holdridge,* contra.

---

## TUNNICLIFF *against* LAWYER.

Case, for obstructing a stream, and flowing the plaintiff's land. Plea, the general issue. The defendant, on the trial, gave evidence to shew that he, and those under whom he claimed, had so obstructed the stream for 20 years. Verdict for the plaintiff, $90. Held, that he was entitled to supreme court costs, as the title to the freehold was drawn in question, within the statute, (1 *R. L.* 344, *s.* 4.)

CASE, for obstructing the waters in the outlet of a lake, by which the plaintiff's lands were flowed and injured, tried at the *Otsego* Circuit, and a verdict found for the plaintiff, of $90. The plea was the general issue. On the trial, the defendant contended for a right to make the obstruction complained of, on the ground that he, and those under whom he claimed, had exercised this right for more than 20 years before the commencement of the suit; and this was the principal question, upon the trial, to which witnesses were examined. The plaintiff's costs being taxed as Supreme Court costs, a motion was now made to have them re-taxed as Common Pleas costs.

*T. Lawyer,* for the motion, cited 1 *B. & P.* 400; 2 *Saund. Rep.* 175 *a. n.* (2); 1 *R. L.* 344, *s.* 4; 2 *Dunl. Pr.* 714, *and the authorities there cited.*

*I. Seelye,* contra.

*Curia.* It is not stated with what view the evidence of 20 years' enjoyment of the right to obstruct was offered; but

we may fairly intend, from the papers submitted, that it was to establish a prescription. The evidence tended to this, though it came short of making it out. It is not necessary, to give the plaintiff costs, that the defendant should set up and attempt to establish a title by deed. An attempt to make out his right by adverse possession, or prescription to have an incorporeal right in the land of another, equally draws the title to frechold in question, and satisfies the words of the statute. It is enough that the defendant offers evidence pertinent to the question of title, which he has done in this instance. The principle of taxation was, therefore, right; but, as some of the items are exceptionable, let them be re-taxed, as Supreme Court costs, at the expense of the plaintiff.

Rule accordingly.