Ouria.

It became necessary at the trial, to establish a constructive possession by showing title. This was essential *to make out a possession. [1] The action was, there- *116 tore, necessarily brought in a court of record; for a justice could' not try the question. The defendant could not take away the plaintiff’s right to elect this course by admitting title when he came to. the trial. The title was in question, and the plaintiff, therefore, entitled to single costs upon the statute, (1 R. L. 344, s. 4.)
But we cannot allow the damages to be trebled. By referring to the statute of 1805, though it is repealed by a subsequent act, the party has precluded our applying the declaration to the subsisting statute of treble damages, (1 R. L. 525, 6.)
This branch of the motion must be denied with costs.
Rule accordingly.

 The plaintiff must be in the actual possession of the land, at-the time the injury is done, in order to maintain this action; (12 John. 183; 9 id.’61,; 1 id. 611; 3 id. 468; 2 N. Car. L. Repos. 89 ; 8 Mass. R. 415-; 2 Browne’s R. 106; 4 Yeates, 218; 6 Rand. R. 8; 9 Conn. R. 216;) which possession is generally evidenced by fencing, cultivating, or otherwise improving or using it; or exercising such other acts upon or about the same, as the owners of lands generally do. The mere payment of taxes on the land, or the execution of partition deeds, is not sufficient evidence of possession; (3 John, 388;) but proof that the premises have been used as a wood lot, for the purposes of fuel and fencing, although there are no fences or clearings upon it, is sufficient evidence of actual possession; (14 Wen. 239-;) so the actual possession of part of a farm, accompanied with a claim of title to the whole, will ¡constitute a poSSessibnbf the whole,‘though a part be altogether unimproved, atid-not'enblbséd byany kihd Of fence. 1 Caines, 858; 12-John. 452. ‘This is-a Very ¡common sbrt of possession in a new country,"where, though a man may own a large farm, yet he frequently has-but few acres under improvement. Where such unimproved part is trespassed upon, it would be asking too much to réquire-a regular deduction df’title "Upon paper, in ofder to vindicate the owner against a succeysion Of‘petty''injúneb, although "it "is many times very important,-for his safety, that the trespasser should be punished. The plaintiff may then, without doubt, show his own acts "and declarations at the time of his original entry-; and the deed given to him would be proper evidence to determine the extent of his possession, as well as his acts of Own. ership after his original entry. And this is not properly an inquiry into any thing more than a mere possessory title. It is an inquiry into such things as might be used in evidence of-a-higher title, but ate here-the mere evidence ’of possession.
*116 Where land is vacant, that is, where no actual possession can be proved, or- where it is unoccupied, the one having the legal title' thereto, shall be deemed to be in possession thereof; so as to maintain trespass; (2 Hayw. 402; 12 John. 183 ; Vid. 10 Wen. 639; Vid. also 8 T. R. 12; 14 East, 249; 5 Bing. 7; 1 East, 244; 4 Taunt. 517; Str, 1238 ; 6 East, 154;) and the landlord of a tenant at will, may have trespass against him, for any voluntary waste, which would determine the will. 7 John. 1; 9 id. 35; Vid. also 4 Kent's Com., 3d ed. 118. By statute, a reversioner, or remainder-man may maintain an action of trespass for an injury done to the inheritance. 1 R. S. 741, see. 8.