ALBANY,
May. 1831.

Brown
v.
Majors.

---

### BROWN *vs.* MAJORS and others,

Where a party is sued in *trespass* for taking and carrying away stone from a small lot containing 3 roods of land, and recovered less than $50 damages, *it was held*, that he was *not* entitled to *costs*, on the pretext that *title to land* came in question, although the lot was *unenclosed* and *unimproved* for any purpose whatever, except that on it there were *two buildings* used as a blacksmith's shop and a store-house, and the plaintiff offered to shew title to the land, which was not done, because admitted by the defendant; the possession of the buildings gave the plaintiff a constructive possession of the whole lot, and rendered unnecessary the production of a paper title.

QUESTION of costs in an action of *trespass on lands*, where the recovery was less than $50. The opinion of the court is referred to for the facts of the case.*

*By the Court*, SAVAGE, Ch. J. This is an action for trespass on land, in which the plaintiff recovered $30, and now moves for costs, on the ground that the title to land came in question upon the trial.

The plaintiff's right to costs in such a case depends upon the judge's certificate, and it might be sufficient to say that in this case the judge has not certified that the title to land came in question. It was his duty to give such a certificate if, in his opinion, such was the fact; and if such was not the fact,

*This case was decided in May term, 1831.

in my judgment he ought not to have given any certificate whatever. The circuit judge, however, thought differently, and certified specially as to what took place on the trial. The plaintiff offered to prove his title, probably with a view to this motion; the defendant admitted his title, and the deeds were not produced. The trespass consisted in carrying away a quantity of stone from a small lot, containing about three quarters of an acre; the lot was not enclosed, improved, cultivated or used for any purpose; that part where the trespass was committed was incapable of being used in any way on account of the stone, but on the residue of the lot there were two buildings, a blacksmith's shop and a storehouse, belonging of course to the plaintiff, as he was the owner of the whole lot. The certificate states that the part of the premises on which the trespass was committed, was not near or adjoining the building; but from the size of the lot, the distance could not have been great.

The plaintiff's counsel contends that this case is similar in principle to *Hubbell* v. *Rochester*, 8 Cowen, 115, and *Buck* v. *Aikin*, 1 Wendell, 466. In the first of these cases it was decided, that in trespass for cutting timber on *wild land*, the plaintiff having no actual possession, it became necessary to shew title in order to establish a constructive possession, and therefore, in such a case, having recovered less than $50, he was entitled to costs, because a justice had not jurisdiction of the question of title. In the second it was held, that a person having a house, and working an ore bed on one end of a lot in Maule's patent, which was wild and totally unenclosed, was not constructively in possession of the other end of the lot, though he verbally made claim to the whole.

I am unable to perceive any analogy between the cases cited and the one under consideration. The planintiff's ¾ of an acre having on it a blacksmith's shop and a store-house, cannot gravely be called wild land not in actual possession; I would rather infer it was part of a village lot, both from the size of that lot, and the character of the buildings—the certificate, however, leaves us totally in the dark on that point; nor does it follow, because one man who occupies a house in the woods on one end of a 200 acre lot, is not constructively

in possession of the other end, which may be a mile distant, that another who has two buildings on one end of a $\frac{3}{4}$ acre lot cannot be actually in possession of the other end of it, although it may be so thickly covered with stones as to be unfit for cultivation, and unenclosed because not worth fencing. The defendants, and not the plaintiff, are entitled to costs. The motion of the plaintiff is therefore denied, with costs.