Johnson, J.
delivered the opinion of the Court.
The facts of this case distinctly raise the question, whether an action of trespass quare clausum fregit, lies at the suit of the landlord against a stranger, for a trespass committed on the actual possession of his tenant, when the injury is such as to affect his rever-sionary interest.
The distinction between injuries, for which trespass or case is the proper remedy, is so distinctly marked, as to leave no doubt about the appropriate remedy for this injury. When the force committed, operates an immediate injury to the plaintiff, trespass is the remedy; but when the injury, is the remote consequences of the trespass, and the damages consequential, case lies, Haward v. Banks, 2 Bur. 1114; Reynolds v. Clarke, 1 Str. 636; Leame v. Bray, 3 East, 602. The plaintiff’s right in the locus in quo, was superseded by the lease and the possession of, the tenant. The trespass could not, therefore, operate as an immediate injury to the plaintiff, and trespass would not lie. Her right revived at the expiration of the lease, and upon re-entry, if impaired by the trespass done, case was the proper remedy.
*261 In Bacon Abr. Trespass, C. 3. it is laid down, on very high authority, that only the person who has possession in fact, of real property, to which an injury has been done, can maintain an action of trespass quare clausum fregit. A general property, not being .in that case, as it is in personal property, sufficient to found the action upon; even he in whom the freehold is, cannot maintain trespass, if another is in actual possession. Pr. Lawrence, J. in the King v. Watson, 5 East. 485-7; Stuyvesant v. Dunham, 9 John. 61; Wickham v. Freeman, 12 John. 183.
There are two exceptions, or rather modifications, of this rule, which appear to me to be founded in good sense, and although they have no direct bearing on the case, I mention them, to prevent any misconception, as to the view which the Court entertain in relation to them : The first is the case of trespass on vacant wild and uncultivated lands, where it seems the owner may maintain trespass for an injury done to them — the right, according to some of the cases, drawing the possession after it, 3 Sergt. & Rawle 513; Mactur v. Trinity Church; Wickham v. Freeman, 12 John. 184. The case of Brandon ads. Grimke, 1 N. & M’C. 363-4, goes, also, very far iowardsmain-taining this position. In his remarks on that case, Mr. Justice Cheves says, “ a person who has only a legal title, has only a constructive possession, and cannot maintain a trespass; but if he enter, he has the actual possession, and can maintain trespass, and this actual possession will continue, though he should not continue to rest his foot upon the soil, until he be disseized, or do some act which may amount to a voluntary abandonment of it.” The second exception is, when the locus in quo is in possession of a tenant at will. — Then, it is said, the lessor may maintain trespass against the tenant, for voluntary waste ; for that amounts to a determination of the lease, Com. Dig. Trespass, B. 2; Starr v. Jackson, 11 Mass. T. R. 519; Suffern v. Townsend, 9 John. 35,—or if a stranger commits a trespass upon a lessee at will, which injures the freehold, the lessor may maintain trespass, *262 f°r the possession of the lessee, is the possession of the lessor.—Starr v. Jackson, 11 Mass. T. R. 519, Com. Dig. Trespass, B. 2.
Bauskett & Wallace, for the motion.
Butler & Grtffin, contra.
The rule, that case lies for such an injury, is also very clear. Com. Dig. , Action on the case for anuisance. B. Reynolds v. Clarke, 1 Str. 634-5—same case, 2 Ld. Ray, 1399; Haward v. Banks, 2 Bur. 1114.

Motion dismissed.

Harper, J. absent.