## SUPREME COURT.

### HENRY R. BURNET agt. JOHN KELLY.

If the title to land is not put in issue by the pleadings, and is not *necessarily* proved at the trial, the title does not come in question, so as to entitle the plaintiff to costs if he recover less than $50.

The plaintiff's complaint relied on *possession* by his servants, and he proved an actual possession by one in his employ. The defendant did not dispute the plaintiff's title, but denied his possession. Although the plaintiff was allowed to prove his title-deeds to make his proof more certain, yet, as this was not necessary, and was opposed by the defendant on the ground that the title did not come in question, the circuit judge cannot certify that the title was in question, and the defendant must have costs.

*New York Special Term, April,* 1854.

THE plaintiff in his complaint averred, that on the 26th of March, 1852, the defendant forcibly entered a certain dwelling-house of the plaintiff in West Farms, Westchester county, and severed and separated therefrom a cooking-range of the plaintiff's, belonging to said house, and attached thereto, and carried the same away, and converted the same to his own use.

The answer set up, that the house was, at the time in question, in the possession of one Reed, and not in the possession of the plaintiff; that the defendant entered by the lease and license of the plaintiff, or his servants and agents; and that the cooking-range was the property of the defendant.

On the trial, the plaintiff offered in evidence his title deeds, which were objected to by the defendant, on the ground that the title was not in issue, but only the fact of possession. The court admitted the evidence, for the purpose of showing the possession of the plaintiff; and the defendant excepted.

The taking and removal of the range by defendant was proved; and it was shown that the range was set in the fire-place, resting upon bricks, which were laid in mortar; and the side of the range was let in the jamb of the chimney about half an inch. Evidence was given tending to show that the chim-

Burnet agt. Kelly.

ney was slightly damaged.; but there was contradictory evidence, whether it was damaged in setting the range or removing it.

The defendant proved that he, being the owner of the range, had agreed with Reed, the tenant of the plaintiff of the premises in question, to sell it to him [Reed] for cash, and the defendant was to set it for Reed. That when the setting was almost finished, Reed said he would go out and get the money to pay for it; that he, shortly after, returned, and said he could not get the money; and upon the defendant's insisting upon having his pay, as it was sold for cash, Reed falsely asserted that he was the owner of the premises, and would come to New-York the next day and pay the defendant. Whereupon the defendant went away, and, the money not being paid, the defendant, within a few weeks, went to the house in question, and finding nobody on the premises, except a painter— (Reed and his family having abandoned the house)—said to the painter, (who was employed by the plaintiff) that he had come for his range, to which he replied,· very well. The defendant, accordingly, entered and removed the range, without injuring the house.

The court charged the jury, in substance, that if the plaintiff was in possession of the premises in question at the time of defendant's entry, that was enough to sustain the action; and that the possession of the painter or workman employed. by the plaintiff, was the possession of the plaintiff himself, and that the painter, under the circumstances, had authority to give the defendant leave to enter the premises without becoming, by that act, a trespasser. That even if a tenant's term had expired by surrender or otherwise, a fixture belonging to him would not pass to his landlord, and if he entered to take it away, the landlord might sue him as a trespasser for the entry, but could not recover the value of the fixture removed. That the range in question was a fixture which the tenant had a right to remove, and which did not become a part of the realty, or pass to the landlord. That if the sale of the range was made for cash, and if the defendant had delivered it sub-

ject to the conditions of payment, and had not waived that con-
dition, or if the delivery of the range had been procured by
Reed by fraudulent representations, then the title to the range
did not pass, but the same still belonged to the defendant.

The jury found a verdict for the plaintiff for six cents dam-
ages and six cents costs, which the court directed to be entered
as a verdict for six cents damages.

On a subsequent day the plaintiff moved for a certificate, that
the title to land came in question on the trial, so as to entitle
him to costs.

S. JONES, *for plaintiff.*

T. JAMES GLOVER, *for defendant.*

MITCHELL, Justice.    *Spalbergh* agt. *Walrod,* (1 *John. Cases,*
162, 1799.)    Under the law as it then stood, a defendant found
guilty in an action of trespass, *quare clausum fregit,* was liable
to costs, although the recovery was only $10, and although a
count for assault, &c., was joined with the other count.    The
act then in force allowed costs to the successful party in any
action *concerning* any freehold or title of land.    (*Laws,* 1787;
1 *Greenleaf,* 313, § 41.)

The law was changed in 1801, (1 R. L. 1801, 529, § 4,)
and the plaintiff was not entitled to any costs in a personal ac-
tion prosecuted in the supreme court, if he recovered less than
$50, with a proviso that that rule should not apply " where
the freehold, or title to lands or tenements, should *in anywise
come in question.*"    And by § 6, (*p.* 530,) if the recovery was
under $5, the plaintiff could recover no more costs than dam-
ages, unless the judge certified that the freehold or title to the
land *was chiefly in question.*    In *Heaton* agt. *Ferris,* (1 J. R.
146, 1806,) it was held that the title came in question when
the controversy was, whether the defendant had a *right of way*
or not over lands admitted to be the plaintiff's, (2 *Caines,*
220,) and that the certificate could be given after the trial; or
when the question was whether the defendant had a *right by*

*prescription* to overflow the plaintiff's lands. (*Eustace* agt. *Tuthill*, 2 *J. R.* 185, 1807.)

In *Sing* agt. *Annin*, (10 *J. R.* 302, 1811.) In an action of trespass *quare clausum fregit*, in the common pleas court, the defendant pleaded that the fences were insufficient, and it was certified that the trespass was not wilful, and that the title did not come in question; and the defendant had costs, although the plaintiff recovered $1 damages, and the supreme court affirmed the judgment.

The act of 1813, (1 *R. L. p.* 343–4, § 4,) left § 4 as before; and the court held that in an action for *mesne profits*, after the trial of an ejectment suit, the *title* did not necessarily come in question, and that the plaintiff was entitled to recover from the time of the demise laid in the ejectment suit, and only need *prove* his title, if he claimed damages for occupation prior to that time. That "if the plaintiff's title *cannot be disputed*, it cannot be said that the title comes in *question* within the sense of the term, as used in the statute—which must mean that it was *controverted*, or *denied* by the defendant;" and that, without the certificate of the judge, the plaintiff could not recover costs if he recovered less than $50. (*Jackson* agt. *Randall*, 11 *J. R.* 405, 1814.)

In *Tuncliff* agt. *Lawyer*, (3 *Cow.* 382,) the court held that it was enough, to entitle the plaintiff to full costs, that the defendant offered evidence pertinent to the question of *title*, although it were only intended to make out a RIGHT by prescription to overflow the plaintiff's lands. (*See* 1 *B. & P.* 400.)

In *Rogers* agt. *M'Gregor*, (4 *Cow.* 531,) the judge certified that the title to land came in question, and the plaintiff was held entitled to single costs.

In *Hubbell* agt. *Rochester*, (8 *Cow.* 115,) in trespass, for cutting timber on *wild* and unoccupied lands, it became necessary for the plaintiff, in order to establish a constructive possession in himself, to show his title; but the defendant admitted the title at the trial. The court considered that it was necessary for the plaintiff to come to trial prepared to prove his title, and

that the defendant's admission at the trial could not vary the plaintiff's right to costs; and that the title was in question.

*Radley* agt. *Brice,* (6 *Wend.* 539.) Trespass for taking timber. The defendant gave notice of justification, and endeavored to prove a *right* of common of estovers as a tenant. The plaintiff was held to be entitled to full costs.

*Brown* agt. *Majors,* (7 *Wend.* 495.) The case of *Hubbell* agt. *Rochester* was explained; and it was said to rest on the ground that the lands were *wild,* and that it was *necessary* to show title in order to establish a constructive possession, and that the plaintiff could not have sued in a justice's court. But the court here held, that the plaintiff being in possession of a small lot of three-fourths of an acre, occupying part of it with buildings, and the rest of it, on which the trespass was com mitted, being *unenclosed, and not used for any purpose,* he could not recover costs—not recovering more than $50 damages. In this case, as part was not enclosed, the possession of that, probably, was shown only by showing title in it in common with the unoccupied part.

*Chandler* agt. *Duane,* (10 *Wend.* 563.) There was a parol *license* to overflow the plaintiff's lands set up, but not a claim of *right* to *continue* to overflow it. It was held, the *title* to lands did not come in question, and the plaintiff could not recover costs. The title was not disputed, still the plaintiff may have had need of proving his title: his possession prior to the overflowing, or a title prior to that, he must have proved.

*Judges of Oneida Common Pleas* agt. *The People,* (18 *Wend.* 79.) The judgment of the supreme court, in granting a mandamus to the common pleas to compel them to vacate an order for costs, was reversed; but only on the ground that the supreme court could *not interfere* with this interlocutory order of the common pleas by mandamus. The decision of the supreme court is authority, except on this point. That court held, that the plaintiff, having proved that the logs in question belonged to her, and were delivered to the defendant to be sawed, although she chose to go on and prove afterwards that the lands from which the logs were cut had been assigned to her for her

Burnet agt. Kelly.

dower, was not entitled to costs; and that the title to land did not necessarily come in question. They said it would have come in question if the defendant had claimed title under the heir at law—then the widow might have been obliged to show the assignment of dower to her; but that the possession of the plaintiff for nine years was enough, without showing title.

The chancellor doubted the correctness of this decision; but the decision was not put on the ground taken by him. (*See p.* 106.)

*People ex rel. Fryer* agt. *New-York Common Pleas*, (18 *Wend.* 579.) A defendant setting up a *parol license* to enter the plaintiff's lands to open a drain through it, does not put the title in question.

*Wickham* agt. *Seely*, (18 *Wend.* 649.) The plaintiff sued in trespass, for entering his *unenclosed, unoccupied*, and *uncultivated* lot of land, covered with water, of which he had no actual possession, called Wickham's *pond*, and for fishing in it. The defendant pleaded a license. The recovery was $45 for the plaintiff; and it was held that the defendant was entitled to costs; and that costs would not be allowed here, merely because a justice might not have had jurisdiction of the case; but that the title did not come in question on a plea of license, although it *might* be in question if the defendant had merely pleaded *not guilty*, as that might involve denial of the *title*, the lands being unoccupied.

*Ehle, &c.*, agt. *Quackenbos*, (6 *Hill*, 537.) Trespass in a justice's court, for breaking the plaintiff's close. Defendant gave notice that he would prove that he was in occupation under license from the owner. Plaintiffs proved their possession, and defendant offered to show that he lived on the farm at the time of the alleged trespass, and did for some time before. The justice rejected the evidence, on the ground that it would raise a question of title. His judgment was reversed. The court said, that " if the defendant was in *actual possession*, as he offered to show, that was of course fatal to the plaintiff's action;" and that " the proposed testimony related to the fact of *possession* irrespective of title, and should have been re-

ceived." "The term *title*, as used in the statute, does not embrace the *fact* of possession, nor any right founded on possession alone." "It is limited to the *right* of possession." "A question of *mere possession* is not one of title;" that "the justice properly received evidence tending to establish the plaintiffs' possession; but he erred in overruling the defendant's offer to disprove what the plaintiffs had thus attempted to establish."

*Doolittle* agt. *Eddy*, (7 *Barb*. 74,) decides, that if there be a contract for the sale of lands, with a clause that the vendor may *re-enter* on any default of payment—this implies that the vendee may enter, but gives him only a *license* to enter, not a *right* to the lands; and that, on any default, the vendor may re-enter; and that, in trespass against the vendor for entering, he could show this right to enter, and that the title to lands did not come in question—the plaintiff's right being a mere license, revocable on any default, and the only question between the parties being, whether there was a default or not.

*Dunckel* agt. *Farley*, (1 *How*. 180.) Trespass on wild lands; plea, not guilty. The court held that, under this plea, the defendant "put in *issue* not *only* the *fact* of the trespass, but also the *title*, whether freehold or possessory, and cited, among other cases, *Hubbell* agt. *Rochester*, (8 *Cow*. 115;) and that the title to land was thus put in issue by the pleadings. The circuit judge also certified that the title came in question on the trial, and it was held this was proper, although the defendant admitted the title when the plaintiff was about to prove it.

*Burhans* agt. *Tibbitts*, (7 *How*. 74.) Trespass for entering lands and taking personal property. The verdict for the plaintiff, fifty cents for the personal property, but that the title to the lands was in the defendant. It was held that, although the title to lands came in question, yet, as that title was found to be in the defendant, he should not pay, but should recover costs, although the plaintiff on the other issue recovered fifty cents.

*Launits* agt. *Barnum*, (4 *Sand*. 637.) Trespass for injury to a house:—answer, setting up a license from a *tenant:*—reply,

that the tenant had no right to give consent. Judgment for plaintiff, six cents—the tenant not having such right. Held, that the plaintiff was not entitled to costs; that the title to lands did not come in question, although a right to give a license did.

*O'Reilly* agt. *Davies*, (4 Sand. 722.) Trespass on lands:—answer, contract of defendant with plaintiff to blast rock on the lands :—reply, that defendant was not to blast unless certain other things were first done : and judgment for plaintiff $49.33, because those things were not done. Defendant had costs. It was held, the *title* was not put in question : a license only was set up. The court say, the fact that the plaintiff's lots were *vacant and unoccupied*, gives him no right to costs. The rule on which he relies was applied to *wild* lands under *the old system of pleading;* but it *is now inapplicable*, because, if the defendant do *not*, in his answer, *deny* the plaintiff's *possession* or *title*, he need give no proof on the subject. Here neither was denied ; so that no proof of title became necessary in consequence of the land being unoccupied. The cases cited show, that where the *possession* of *wild* land is put in issue, the title is also in issue ; because the plaintiff, to show *possession*, must prove his title.

*Powell* agt. *Rust*, (1 Code Rep. N. S. 172.) Action, trespass :—answer, that defendant conveyed the land to the plaintiff; but, in a separate instrument, reserved to himself shrubbery, vines, &c. Reply. The court held the issue to be, whether the vines were the *property* of defendant or of plaintiff; and that, as they were part of the freehold, it was a question of title to land.

The result of the cases seems to be, that under the old system of pleading, if the lands were *wild*, the plaintiff could not prove his possession without proving his title ; and that therefore the title to the land would be in controversy in the case of such lands, whenever the possession was in controversy.

But if the lands were *not wild*, although they were *unoccupied*, proof of title would not be necessary in proving implied possession.

That, under the old system of pleading, a defendant in tres-pass put in issue the *right* to the *possession* as well as the *fact* of possession; and, because the *right* was thus put in issue, the title to the land was in question.

But, under the present system, nothing is in issue but what the answer puts in issue; and if it does not put in issue the right to the possession, but only the fact of the possession, the title to the land is not in question.

If the answer does not raise the question, the proofs cannot; unless, from the circumstances of the case, the fact of possession could not be proved without proving a right to the possession.

In this case the plaintiff, in his complaint, did not rely on his title to the land, but on his possession of it merely; and that he alleged not to be a possession, as implied, from ownership, but a possession in fact by his servants in his employ.

He proved such a possession, showing that a painter had received the keys of the house from him, and opened the house every morning, and closed it every evening. This proved his possession as alleged; and although he also showed his title-deeds, that was superfluous; and the defendant insisted that they should not be introduced, as the title was not in question. The proof of a title not necessary for the plaintiff's case, not alleged in the pleadings, and not controverted there, and not disputed at the trial, although allowed by the judge *ex abun-danti cautela*, that the plaintiff might be allowed to make his case as strong as possible, should not be allowed to give the plaintiff costs, as if the defendant had questioned his title to the lands.

The lease to Reed was not questioned: the plaintiff, as his landlord, claimed the range which he had put in—and the defendant claimed it as not passing to the landlord. It was a question whether the range was personal or real property—not a question of title to real property.

The proof by the plaintiff, that Reed owned *other* real estate than the *locus in quo*, was offered, to show that Reed did not mean to say that he owned the *locus in quo*, but the other land, and so to excuse the alleged false representation, by which he

obtained possession of the range from the owner. That is not a case of title to lands being in question under the statute as to costs. The statute means a contested title as to some particular lands, which the plaintiff claims title to.

I must decline giving a certificate that the title to lands came in question on the trial.