The writ of waste was a real action, but it has been long in disuse both in England and in this country. Here, the Revised Statutes rendered the forms more simple; and the Code has abolished the action altogether, providing that "wrongs heretofore remediable by action of waste are subjects of action as other wrongs." (2 R.S., 334, §§ 1-10; Code, §§ 450, 451.) No objection of a technical character can now be taken to the form of the proceeding, and the question in the present case is simply this: whether a person seised in fee of lands, who has demised them for years, and has afterwards conveyed the premises in fee, can after such conveyance maintain an action in any form against the tenant for waste committed during the time the plaintiff was seised of the reversion. Lord Coke, in his commentary upon Littleton, section 67, says: "No person shall have an action of waste unless he hath the immediate estate of inheritance." As corollaries to this he adds: "If the tenant doth waste, and he in reversion dieth, the heir shall not have an action of waste done in the life of the ancestor, nor a bishop, master of an *Page 261 
hospital or the like, in the time of the predecessor," and "if an estate tail determine, hanging the action of waste, and the plaintiff becomes tenant in tail after possibility [which is only equivalent to an estate for life] the action of waste is gone." Further on he adds as follows: "Note. After waste done, there is a special regard to be had to the continuance of the reversion in the same state that it was at the time of the waste done; for if, after the waste, he granteth it over, though he taketh back the whole estate again, yet is the waste dispunishable: so if he grant the reversion to the use of himself and his wife, or his heirs, yet the waste is dispunishable, and so of the like; because the estate of the reversion continueth not, but is altered, and consequently the action of waste, for waste done before (which consists in privity) is gone." (Co. Litt., 53, b.) The doctrine as thus stated is generally repeated in the abridgments and treatises. (Bacon's Ab., Waste [g.]; Com. Dig. Waste, [c. 3]; Roscoe on Real Actions, 109.) Sergeant Williams makes it the subject of two interesting notes appended toGreene v. Cole (2 Saund., 235, note 2; 252, a, note 7), in which the subject is measurably exhausted, but the principles stated by Coke are affirmed as unquestioned law. In the last note it is shown that the modern practice, where it is not sought to recover the place wasted, is to bring an action on the case in the nature of waste, in which action some of the formal difficulties of the ancient writ of waste are avoided. Bacon v.Smith (1 Adol. Ellis, N.S., 345; anno 1841), was case for waste brought after the defendant had yielded up the premises to the plaintiff, who, when the action was brought, had an estate for life. The question was whether this was the same estate which she had at the time of the waste committed. It was held that it was not and that she could not recover. PATTERSON, J., repeated the passage from Coke Littleton, that the reversion must continue in the plaintiff in the same state that it was at the time of the waste done, and added. "The passage, indeed, has immediate reference to the old form of action, but the rule equally applies to an action on the case in the nature of waste." The case is referred to in order to show *Page 262 
a recent recognition of the rule, as well as that it applied equally to the modern as to the ancient action. The rule has been qualified by the legislature in this state in a point not essential to the present case, by 1 Revised Statutes, 750, section 8, which declares that a person seised of an estate in remainder or reversion may maintain an action of waste or trespass, for any injury done to the inheritance, notwithstanding any intervening estate for life or years. The object of this enactment was to abrogate a branch of the doctrine of Coke by which it was laid down that if, between the estate of the tenant who commits waste, and the subsequent estate of inheritance, there is interposed an estate of freehold in any person inesse, then, during the continuance of such interposed estate, the action of waste is suspended, and if the estate of the person committing the waste expires during the continuance of such interposed estate the action is gone forever. (Co. Litt., 218, b.; Sergt. Williams' note 7, sup.) This formal difficulty is thus removed, but the rule of the old books is at the same time impliedly recognized, and it is on account of the latter circumstance that the statute is here mentioned.
It thus appears that a rule, which it must be admitted seems to be somewhat technical, has come down to us from an early period of English jurisprudence, and has been repeatedly recognized and affirmed by modern authorities. I cannot find that it has ever been questioned or even doubted. It does not relate to the form of the remedy, but to the right to recover in any action. We cannot, therefore, refuse to apply it to the present case, which presents facts precisely within its terms and spirit. The plaintiff was seised in fee and the defendant became his tenant for years, and while holding the premises in that character he committed waste; but before bringing the action, and, as I understand the facts, before the expiration of the tenancy, he granted the premises, that is, the reversion, to another. This precludes him from maintaining an action for the waste.
But the rule is founded on reasons which, though somewhat artificial, are not entirely unsatisfactory. When the waste was *Page 263 
committed the plaintiff was not in a condition to recover damages for an injury to the possession, and he accordingly only claims them on account of injuries to the reversion. Such damages, it is supposed, could not affect him until he became entitled to the actual enjoyment of the inheritance by the expiration of the defendant's term. Before that time he grants the reversion to another. He may, it is true, have sold the land at a less price on account of the waste; but such a ground of damage is somewhat speculative, and the law does not appear to regard it as a cause of action. The grantee, it is considered, cannot maintain the action, for when the waste was committed he had nothing in the premises.
I have assumed that the defendant was something more than a tenant at will. The complaint states that he was the plaintiff's tenant under a demise; and the injury is stated to be done to the plaintiff's reversionary estate. These statements of course imply a term in the tenant, and a reversion in the plaintiff, and they are inapplicable to a mere holding at will. If the latter had been the character of the defendant's possession, a common action of trespass would have been maintainable, as the commission of the waste would have been a determination of the will. (Phillips v. Covert, 7 John., 1, and cases cited.)
I am of opinion that the decision at the Circuit was wrong, and that the judgment ought to be reversed, and a new trial ordered.
The case of White v. Wheeler is similar in its facts toRobinson v. Wheeler, argued at this term, except that the plaintiff, after conveying the premises wasted to Robinson, subsequent to the commission of the waste, and while the defendant remained her tenant, and before the commencement of this action, received a grant of the same premises from Robinson, and thus was seised of the inheritance at the time of bringing the action. The case falls directly within Lord Coke's rule, in which he says: "for if after the waste, the tenant granteth [the reversion] over, though he taketh back the whole estate again, yet is the waste dispunishable." (Co. Litt., 53, b.)
This judgment should also be reversed. *Page 264