Denio, Ch. J., (dissenting.)
The writ of waste was a real action, but it has been long in disuse both in England and in this country. Here, the Eevised Statutes rendered the forms more simple; and the Code has abolished the action altogether, providing that “ wrongs heretofore remediable by action of waste are subjects of action as other wrongs.” (2 R. S., 334, §§ 1-10; Code, §§ 450, 451.) Ho objection of a technical character can now be taken to the form of the proceeding, and the question in the present case is simply this: whether a person seised in fee of lands, who has demised them for years, and has afterwards conveyed the premises in fee, can after such conveyance maintain an action in any form against the tenant for waste committed during the time the plaintiff was seised of the reversion. Lord Coke, in his commentary upon Little-ton, section 67, says: “Ho person shall have an action of waste unless he hath the immediate estate of inheritance.” As corollaries to this he adds: “ If the tenant doth waste, and he in reversion dieth, the heir shall not have an action of waste done in the life of the ancestor, nor a bishop, master of an *261 hospital or the like, in the time of the predecessor,” and “ if an estate tail determine, hanging the action of waste, and the plaintiff becomes tenant in tail after possibility [which is only equivalent to an estate for life] the action of waste is gone.” Further on he adds as follows: “Note. After waste done, there is a special regard to be had to the continuance of the reversion in the same state that it was at the time of the waste done; for if, after the waste, he granteth it over, though he taketh back the whole estate again, yet is the waste dispunishable : so if he grant the reversion to the use of himself and his ' wife, or his heirs, yet the waste is dispunishable, and so of the like; because the estate of the reversion continueth not, but is altered, and consequently the action of waste, for waste done before (which consists in privity) is gone.” (Co. Litt., 53, b.) The doctrine as thus stated is generally repeated in the abridgments and treatises. (Bacon’s Ab., Waste [g.]; Com. Dig. Waste, [c. 3] ; Roscoe on Real Actions, 109.) Sergeant Williams makes it the subject of two interesting notes appended to Greene v. Cole (2 Saund., 235, note 2; 252, a, note 7), in which the subject is measurably exhausted, but the principles ■ stated by Coke are affirmed as unquestioned law. In the last note it is shown that the modern practice, where it is not sought to recover the place wasted, is to bring an action on the case in the nature of waste, in which action some of the formal difficulties of the ancient writ of waste are avoided. Bacon v. Smith, (1 Adol. & Ellis, N. S., 345; anno 1841), was case 1 for waste brought after the defendant had yielded up the premises to the plaintiff, who, when the action was brought, had an estate for life. The question was whether this was the same estate which she had at the time of the waste committed. Jt was held that it was not and that she could not recover. Patterson, J., repeated the passage from Coke Littleton, that the reversion must continue in the plaintiff in the same state that it was at the time of the waste done, and added. “ The passage, indeed, has immediate reference to the old form of action, but the rule equally applies to an action on the case in the nature of waste.” The case is referred to in order to show *262 a recent recognition' of the rule, as well as that it applied equally to the modern as to the ancient action. The rule has been qualified by the legislature in this state in a point not essential to the present case, by 1 Revised Statutes, 750, section 8, which declares that a person seised of an estate in remainder or reversion may maintain an action of waste or trespass, for any injury done to the inheritance, notwithstanding any intervening estate for life or years. The object of this enactment was to abrogate a branch of the doctrine of Coke ' by which it was laid down that if, between the estate of the tenant who commits waste, and the subsequent estate of inheritance, there is interposed an estate of freehold in any person in esse, then, during the continuance of such interposed estate, the action of waste is suspended, and i if the estate of the person committing the waste expires during the continuance of such interposed estate the action is gone forever. (Co. Litt., 218, b.; Sergt. Williams’ note 7, sup.) This formal difficulty is thus removed, but the rule of the old books is at the same time .impliedly recognized, and it is on account of the latter circumstance that the statute is here mentioned.
It thus appears that a rule, which it must be admitted seems to be somewhat technical, has come down to us from an early period of English jurisprudence, and has been repeatedly recognized and affirmed by modern authorities. I cannot find that it has ever been questioned or even doubted. It does not relate to the form of the remedy, but to the right to recover in any action. We cannot, therefore, refuse to apply it to the present case, which presents facts precisely within its terms and spirit. The plaintiff was seised in fee and the defendant became his tenant for years, and while holding the premises in that character he committed waste; but before« bringing the action, and, as I understand the facts, before the expiration of the tenancy, he granted the premises, that is, the reversion, to another. This precludes him from maintaining an action for the waste.
But the rule is founded on reasons which, though somewhat, artificial, are not entirely unsatisfactory. When the waste was *263 committed the plaintiff was not in a condition to recover damages for an injury to the possession, and he accordingly only claims them on account of injuries to the reversion. Such damages, it is supposed, could not affect him until he became entitled to the actual enjoyment of the inheritance by the expiration of the defendant’s term. Before that time he grants the reversion to another. He may, it is true, have sold the land at a less price on account of the waste; but such a ground of damage is somewhat speculative, and the law does not appear to regard it as a cause of action. The grantee, it is considered, cannot maintain the action, for when the waste was committed he had nothing in the premises.
I have assumed that the defendant was something more than a tenant at will. The complaint states that he was the plaintiff’s tenant under a demise; and'the injury is stated tobe done to the plaintiff’s reversionary estate. These statements of course imply a term in the tenant, and a reversion in the plaintiff, and they are inapplicable to a mere holding at will. If the latter had been the character of the defendant’s possession, a common action of trespass would have been maintainable, as the commission of the waste would have been a determination of the will. (Phillips v. Covert, 7 John., 1, and cases cited.)
I am of opinion that the decision at the Circuit was wrong, and that the judgment ought to be reversed, and a new trial ordered.
The case of White v. Wheeler is similar in its facts to Robinson v. Wheeler, argued at this term, except that the plaintiff, after conveying the premises wasted to Bobinson, subsequent to the commission of the waste, and while the defendant remained her tenant, and before the commencement of this action, received a grant of the same premises from Bobinson, and thus was seised of the inheritance at the time of bringing the action. The case falls directly within Lord' Coke’s rule, in which he says: “for if after the waste, the tenant granteth [the reversion] over, though hetaketh back the whole estate again, yetis the waste dispunishable.” (Co. Litt., 53, b.)
This judgment should also be reversed.
*264 In the Robinson case, the following opinion was delivered by
Wright, J. The plaintiff proved that on the 80th March, 1850, the premises described in the complaint were sold and conveyed to him, and from that time until almost the middle of April, 1852, the defendant occupied the same, and the buildings thereon, as his tenant. He then gave evidence of acts of waste committed by the defendant upon the premises between March 30, 1850, and April 1, 1852. The greater part of the waste was done in 1850,' but some of it after the 11th January, 1852, and before the 1st April, 1852. It was conceded that the plaintiff, by deed, sold and conveyed the' premises to Mary White in April, 1852. The defendant claimed that the conveyance had been executed on the 2d September, 1851, the day it bore date, but the judge permitted the plaintiff to prove that it was not delivered until April, 1852. It can make no difference, as respects the principal question in the case, whether the plaintiff parted with his reversionary interest in September, 1851, or in. April, 1852, as he had, unquestionably, granted and conveyed such interest to another before suit brought.
The judge, upon being requestéd, declined to charge, but on the contrary charged the converse of the propositions: 1st. That the deed of the plaintiff to Mary White of September 2, 1851, operated to grant over the plaintiff’s reversion, and all claim on account of any injury to his reversionary estate; and, 2d. That the action cannot be maintained unless the plaintiff’s reversion be at the time of the action brought in the same state that it was at the time of the waste done. This substantially raised the question whether a reversioner, who aliens his estate after waste committed, may, after such alienation, maintain an action for such waste; or, whether to entitle a party to maintain an action in the nature of an action for waste, the reversion must be in him at the time of action brought in the same state as when the waste was committed. I think that a party may recover after alienation for waste done whilst the title to the premises and the reversionary interest was in him. *265 I have explained my views, and given my reasons for this opinion, in the case of White v. Wheeler, at the present term, and it is unnecessary to repeat them.
The defendant offered to show that the plaintiff’s grantee, in a prior action, had recovered for the waste done after the 2d September, 1851, but the judge excluded the evidence. There was no error in this; the proof could in no way affect the plaintiff’s right. It was not his fault if the defendant had suffered a recovery against him by some other person for this waste; who, by law, had no right to recover. It was clearly by some neglect or omission of his own, if the defendant suffered a recovery against him by a person not entitled thereto, and he cannot set that up to defeat the plaintiff’s right of action.
There was nothing in the objection to the court receiving evidence that the deed of the plaintiff to Mrs. White was not delivered until April, 1852. The plaintiff was entitled to recover for all acts of waste committed during the time the reversionary interest remained in him. A deed can convey nothing until it is delivered, and hence it is always open to show when a deed is actually delivered. The execution and recording of it is only presumptive evidence of its delivery. This was not a case for the appliéation of the doctrine of estoppel. The defendant being liable to respond to the owner of the reversion it was open to both parties to show, as best they could, the precise period of time when the ownership ceased.
The judgment of the Supreme Court should be affirmed.
Davies, Selden, Gould and Smith, Js., concurred; Sutherland and Allen, Js., concurred with Denio, Ch. J., for reversal.
Judgments affirmed.