CONSOLIDATED CAL. & VA. MIN. CO. v. BAKER et al. (two cases).

(Circuit Court, D. Nevada. August 1. 1904.)

Nos. 772, 774.

1. COSTS—ALLOWANCE IN EQUITY.

While the allowance of costs in an equity suit is not governed by statute, and is largely within the discretion of the court, the general rule is that the prevailing party in cases in equity, as at law, is entitled to recover costs; and a plaintiff in an action in ejectment for mining property and also in a suit in equity against the same defendant to enjoin trespass thereon, who recovers in both cases on issues joined, will be allowed costs in both, although it recovered only as to part of the ground claimed, the title of each party to a portion thereof being stipulated on the trial.

W. E. F. Deal, for plaintiff.
George N. Noel, for defendants.

HAWLEY, District Judge (orally). The only controversy between the parties relates to the question of costs. The facts necessary to present this question may be briefly stated as follows: The plaintiff brought an action at law in ejectment (No. 772) against defendants to recover possession of portions of two mining claims situate in Silver Star mining district in Storey county, Nev., the two claims being contiguous, having a common side line, the west side line of one being

¶ 1. Right to costs in equity, see note to Tug River Coal & Salt Co. v. Brigel, 17 C. C. A. 368.

See Costs, vol. 13, Cent. Dig. § 10?

the east side line of the other. The plaintiff also brought a suit in equity (No. 774) to enjoin the defendants from working upon any part or portion of the mining ground described in the bill of complaint. A temporary injunction was issued, and a day set for defendants to show cause why an injunction pendente lite should not issue. No steps were ever taken to bring the rule to show cause to trial. The defendant Frank Baker answered in each suit, denying the material allegations in the plaintiff's complaint, and claimed title to the entire ground. Both cases were set for trial. Prior to the time the cases were set for trial, the temporary injunction was, upon plaintiff's motion, modified so as not to affect any of the defendant's rights in the premises. The parties appeared, and by consent and stipulation both cases were tried together before the court, and the following admissions were made:

"The plaintiff in the above-entitled action admits that it has no right, title, or interest or right of possession of, in, or to any part of the Twentieth Century mining claim, described in the answers in said actions, north of the south side line of said Twentieth Century mining claim, as described in said answers, or westerly of the east side line of the mining claim known as and called the 'Dexter Claim,' as described in United States survey No. 122, surveyed for the La Fayette Consolidated Mining Company, or north of the north end line of the West Con. Cal. and Va. Mining Claim, described in the complaint on file in said action. The defendant Frank Baker admits that he has no right, title, or interest or right of possession of any portion of the mining claims and premises described in the complaints in said actions south of the southerly side line of said Twentieth Century mining claim, described in said answers, or easterly of east side of line of said Dexter claim."

The testimony of a surveyor was taken on behalf of the plaintiff, giving the metes and bounds of the respective claims, and the location and work on the claim admitted by defendant to belong to the plaintiff. It was shown that defendant had not extracted any ore from any part of the vein admitted to belong to plaintiff. The defendant offered no testimony.

Upon these facts plaintiff is entitled to judgment in its favor in both cases for the ground admitted and proved to belong to it, and to the nominal damages of $1. Is it entitled to the costs in each suit? Speaking generally as to costs in equity cases, it may be said that the allowance or disallowance of costs is a matter largely within the sound discretion of the court. There are no fixed rules which govern this question. It is the duty of the court in every case to take into consideration all the circumstances, and grant or refuse costs as justice may dictate. As was said by the court in Black v. O'Brien, 23 Hun, 82, following the language of the court in Eastburn v. Kirk, 2 Johns. Ch. 318:

"Costs in equity 'do not depend upon any statute, nor do they absolutely depend upon the event of a cause. They depend upon conscience, and upon a full and satisfactory view and determination of the whole merits of a case. They rest in sound discretion, to be exercised under a consideration of all the circumstances.' "

See, also, 5 Ency. Pl. & Pr. 186, and authorities there cited.

But this general statement must be taken in connection with the general rule, equally well settled, that in all actions or suits where the title to realty is involved costs should be awarded without reference to the amount of the recovery therein, and the plaintiff will be entitled

to his costs, if he recovers at all. 5 Ency. Pl. & Pr. 172, and authorities there cited; 13 Cent. Dig. 112, and authorities there cited. In Hunter v. Marlboro, 2 W. & M. 168, Fed. Cas. No. 6,908, Justice Woodbury, in speaking of the rule in equity courts, said:

"The inclination should, in my opinion, be to conform to the standard established at law, unless in extreme or strong cases."

Primarily the rule is that the prevailing party in cases in equity, as at law, is entitled to recover costs. But the unsuccessful party may show circumstances which will defeat this right. In the present cases the contention of the defendant is that the plaintiff knew, or could readily have ascertained by an examination of the records of Storey county, that the claim, as admitted by stipulations at the trial, was the property of Frank Baker at the time of the commencement of the action, that the suit was brought without any foundation, and that the plaintiff should be compelled to pay all costs occasioned by its own negligence or inadvertence. But the answer to this contention is that an examination of the records would not have necessarily disclosed the title to the claim. The title to a mining claim depends not only upon the record, but also upon the performance of the annual labor, and making improvements of the value required by law. It may be that, if the minds of the parties had met before the suit was brought, the matter in dispute could have been amicably adjusted; but the issues raised by the pleadings made it necessary for plaintiff to establish its title to the ground claimed (although it was admitted at the trial that it was only entitled to a portion of the ground claimed in its complaint), and this entitles it to the costs. Such is the weight of authority. Rogers v. McGregor, 4 Cow. 531; Hubbell v. Rochester, 8 Cow. 115; Powers v. Leach, 22 Vt. 226; Kelly v. Railroad Co., 81 N. Y. 233; Morris v. Telegraph Co., 38 N. J. Eq. 301; Brown v. Ashley, 13 Nev. 251; Kittredge v. Race, 92 U. S. 116, 121, 23 L. Ed. 488.

My conclusion is that the plaintiff in each case is entitled to recover costs.