ALBANY,
August, 1808.

Otis
v.
Hall.

Where a judgment is obtained against an attorney in this court for less than 250 dollars, the plaintiff is, nevertheless, entitled to full costs.

## Otis *against* Hall.

In an action on the case for overflowing the plaintiff's land by means of a mill-dam on the defendant's land, the defendant pleaded not guilty, and gave in evidence that he had the permission of the plaintiff to erect the dam, and overflow the plaintiff's land, if necessary. The plaintiff proved a revocation of the license, and the jury found a verdict in his favour for nine dollars damages. It was held, that the freehold or title of the land did not come in question, so as to entitle the plaintiff to full costs under the statute.

THIS was a special action on the case, for overflowing the plaintiff's land, by means of a mill-dam erected by the defendant on his own land. The defendant pleaded not guilty, and gave notice that he should offer evidence that the dam was erected by permission of the plaintiff.

At the trial of this cause, at the last circuit in *Lewis* county, the plaintiff proved that he had the permission of the plaintiff to erect the dam, and overflow his land, if necessary, for the use of the mill. The plaintiff proved a subsequent revocation of the license, and the jury found a verdict for the plaintiff for nine dollars damages.

The judge before whom the cause was tried, refused a certificate, so as to entitle the plaintiff to full costs, and *Gold* now moved for full costs.

*Platt,* contra.

*Per Curiam.* The only question is, whether the plaintiff is entitled to full costs, within the proviso of the 4th

section of the act concerning costs, which declares that the limitation in that section shall not extend " to any action where the freehold or title to lands or tenements shall in any wise come in question." We are of opinion, that the freehold or title to the plaintiff's land did not come in question, within the purview of the statute. This case bears no analogy to that of *Heaton* v. *Ferris*, (1 *Johns.* 146.) Here was no claim of a right of entry into the plaintiff's land, nor of any direct use or enjoyment of it. The defendant merely sets up a right to use his own land, in the manner he has done, by erecting the dam; that any consequential injury to the plaintiff was waived by his express license for that purpose; and that it was a mere *damnum absque injuria*, for which the plaintiff had no right of action. The statute applies only to cases where a claim or question as to the direct use by entry on another's land comes in controversy. This and many other cases of consequential injuries, as for nuisances erected on the defendant's own land, do not in any manner bring the title in question. Nor does the setting up a lease or license by the plaintiff raise a question as to the title, or give any right or interest in the plaintiff's land.

Rule refused.