ALBANY,
Aug. 1833.

Chandler
v.
Duane.

---

CHANDLER *vs.* B. & R. DUANE.

A plaintiff who, in an action on the case for overflowing his lands, has a verdict, but does not recover *over fifty dollars*, is not entitled to costs, although a right to overflow such lands, founded upon the alleged *license* of the plaintiff, came in question on the trial of the cause : to entitle a plaintiff to costs in such case, a right on the part of the defendant to the *direct use or enjoyment of the plaintiff's lands* must have been set up, and the injury to the plaintiff must not be merely *consequential* upon the particular manner in which the defendant may use or occupy his own land.

The consequence of the above is, that in such a case the *defendant* is entitled to costs.

This was a motion for costs to the defendants, in an action August 8. on the case for overflowing the lands of the plaintiff, in which the plaintiff obtained a verdict for $50. On the trial of the cause, the defendants insisted on a right to erect and keep up on their own land a dam, by which the lands of the plaintiff

Chandler
v.
Duane.

were overflowed, *by virtue of a parol license* from the plaintiff, and the right thus claimed was in question on the trial.

*P. Gansevoort & B. F. Butler,* for the defendants, insisted that the case of *Otis* v. *Hall,* 3 Johns. R. 450, was directly in point to show that the defendants, and not the plaintiff, were entitled to costs. They admitted that the phraseology of the statute, in the late revision, on the subject of costs in such cases, varied from the old statute, but insisted that it was but an adoption of the construction of the former statute by this court, and that the law of costs in this respect had not been changed ; that there was a manifest distinction between a right in lands by grant or prescription in which the title came directly in question, and a right to use lands resting in *license,* which might be shewn by parol as well as by writing, and which did not necessarily call the title in question.

*J. Williams,* for the plaintiff. The language of the statute is clear and explicit, that in all actions in which a right by prescription or *otherwise* to any easement in any lands or *to overflow the same* shall come in question on the trial of a cause, and the plaintiff recovers a verdict, he shall recover costs. 2 *R. S.* 613, § 3. The statute admits of no construction different from the plain and obvious meaning of the terms used.

*By the Court,* SUTHERLAND, J. The case of *Otis* v. *Hall,* 3 *Johns. R.* 450, is an express adjudication upon the precise point presented in this case. The action, and the ground of defence, and all the circumstances in that case, were precisely the same as in this ; and it was there held that the setting up of a *parol license* from the plaintiff to overflow his land by means of a mill dam erected upon the defendant's own land, did not bring the freehold or title to land in question, so as to entitle the plaintiff to costs under the statute, upon a recovery of less than $50. The court say there was no claim of a right of entry into the plaintiff's land, nor of any direct use or enjoyment of it. The defendant merely sets up a right to use his own land, in the manner he has done by erecting the dam, and that any consequential injury to the plaintiff was waived

by his express license for that purpose, and that it was a mere *damnum absque injuria*, for which the plaintiff has no right of action. The statute applies only to cases where a claim or question as to the direct use by entry on another's land comes in controversy ; not to cases of mere consequential injury, resulting from the particular manner in which the defendant may use or occupy his own land.

Although the language of the revised statutes, 2 *R. S.* 614, § 3, *sub.* 3, is somewhat different from the old act, it is believed that the legislature intended to do no more than adopt the construction which had previously been put upon the old act. It had been decided in *Heaton* v. *Ferris*, 1 *Johns. R.* 146, that a claim to a right of way, either by *grant* or *prescription*, brought the title to land in question ; and in *Eustace* v. *Tuthill*, 2 *Johns. R.* 185, and *Tunnicliff* v. *Lawyer*, 3 *Cowen*, 382, that a claim of right by prescription to overflow the plaintiff's land, or by an uninterrupted enjoyment of it for twenty years, also brought the title to land in question, within the meaning of the statute. It was the principle of these decisions, I apprehend, which the legislature intended to adopt in the revised statutes. I am persuaded they had no intention to make so important an alteration in the law as is contended for by the plaintiff in this case. This opinion is strengthened by the notes of the revisors, in which the above decisions are referred to as the foundation of the change of phraseology which they recommended. The motion of the defendants for costs must therefore be granted.