Dentó, J.
 

 The Code gives costs to the plaintiff on a recovery in the Supreme Court for any amount “ in an action for the recovery of real property, or when a claim of title.to real property arises on the pleadings, or is certified by the court to have come in question on the trial.” (§304.) The present was an action to recover damages, and not property; and there was no certificate, as to the questions litigated on the trial. If, therefore, the plaintiff is entitled to costs, it is because a claim of title to real property arose on the pleadings. I am of opinion that the pleadings do not show any such claim of title, by either of the parties, within' the sense-of the enactment. The complaint charges the defendants with diverting the water of a stream which formerly ran through a piece of land owned by and in the possession of the plaintiff, by means of channels or sluices cut' in the banks of the stream above his land. The first answer is, a general denial of the allegations of the complaint. This would compel the plaintiff to prove the possession which he had alleged, and this proof would entitle him to maintain the action, if he could also prove the injury. The defendants did not set up any title to the plaintiff’s close, and could not have been permitted to prove any, under these pleadings. It is not to be intended that the plaintiff would undertake to give any other evidence of ownership than that which he alleged, to wit, possession, or that any question of paper title, would be litigated on the trial. That no question of title
 
 *468
 
 Within the acts respecting costs, was presented under such circumstances, has been decided in two cases;
 
 (Ehle
 
 v.
 
 Quackenboss,
 
 6 Hill, 537;
 
 Brown
 
 v. Majors, 7 Wend., 495.)
 

 The second answer sets up ignorance, .in the form prescribed by the Code, as to the plaintiff’s owning or being in possession bf the close mentioned, in the complaint.- This puts in issue oné of the matters embraced in the general denial; and if that general denial did not raise a question of title, this special one does not. The third answer is foreign to the question; it being only a denial of the acts of diversion imputed to the defendants.
 

 The fqurth and last answer sets up that the defendants’ acts were, done with the leave, license, permission and consent of the plaintiff, first made, given and granted, ánd that, under such leave; license, &c., the defendants and- other persons constructed afi aqueduct to conduct water from a certain spring to supply the inhabitants Of the village of Howard with water. The action being brought for damages for the alleged diversion tip to the time of the commencement of the action, and not for an injunction against its continuance, or to establish the plaintiff’s right to' the water alleged to be diverted, the only answer which the defendants were obliged to interpose was a sufficient legal excuse for what they had already done. It was no ways essential that they should have an estate in the land benefited by the easemént, or that their right should extend, in point of time, a moment beyond the time of the commencement of the Suit, Although a mere revocable license would be enough to establish a defence, still they might have set up a grant, or a title by prescription, of a right to divert the waters of the stream, if such was the nature of their claim." This would have been an easement burdening the plaintiff’s premises for the benefit of the lands, for the advantage of which the diversion was made. If such a grant or prescription had been set tip, it would have entitled the plaintiff to costs' under the provision On that subject in the Revised Statutes.- (2 R. S., 613, § 3;) And I am of the opinion that the same construction ought to be given to the section of the Code under 'consideration, though the. langtiage its .much.less explicit;
 
 (Heaton
 
 v.
 
 Fer
 
 
 *469
 

 ris,
 
 1 John. R., 146;
 
 Eustace
 
 v.
 
 Tuthill,
 
 2
 
 Id.,
 
 185; Tunnicliff
 
 v
 
 . Lawyer, 3 Cow., 382;
 
 Chandler
 
 v.
 
 Duane,
 
 10 Wend., 563.) But the defendant did not set up any grant or any title by prescription. The language, like most df 'that used by pleaders under the present system, is extremely loose and vague. But it is sufficient to set forth a simple license, and quite insufficient as an averment of an estate. Laying aside the idea of a prescription, which is not alluded to in the answers, I do not find any intimation of a grant. Such an instrument must be in writing, and there must be parties, grantor and grantee, and it must be under seal. The former system required that it should be pleaded with a proferí. Although that form is not now necessary, and no great precision on any subject is required, still, when we are asked to' understand á pleading as setting out a grant, we ought at least to find some allusion to an instrument of some kind. The words used in this answer—leave, license, pérmission. and consent—suggest the idea of a verbal communication, and, by a strong implication, negative the notion of a deed. The words made,' given and granted, which are added,"and which qualify the first mentioned words, do not enlarge the idea. The latter word, which is relied on, is obviously used in a popular and not a technical sense, It agrees;' very well with leave, permission; &c., which may properly be said to be granted.
 

 Again, a grant of such an easement as is supposed to be set up in this answer must, to be valid, be annexed to some other estate in land, to which it becomes appurtenant. If conferred. personally upon one who has no other estate, it may operate, by way of covenant, but does not constitute a title; and it is nowhere intimated that the defendants owned or were possessed of any land-upon which the water could be diverted. I am, therefore, of opinion that the answer should be understood, as I have no doubt it was intended, as setting up a verbal license to do what the complaint alleges the defendants have done. It has been repeatedly decided that the defence of license to do an act upon land does not involve a question of title within the sense' of the provisions respecting caste.
 
 *470
 

 (Otis
 
 v.
 
 Hall,
 
 3 John., 450;
 
 Chandler
 
 v.
 
 Duane, supra; Wickham
 

 v. Seeley,
 
 18 Wend., 649.) And I am not aware that the contrary' has ever been held.
 

 I am the more persuaded that no injustice is done to the plaintiff by construing his pleading as I have done, by the consideration that if there had been any real question of title on trial, a certificate of the judge would have been obtained, which would have been equally effective as an' issue upon thé title in his pleadings. Eelying, as the plaintiff does, upon the pleadings alone, I am bound to say that he has failed to establish a claim to costs, and I think they were rightly awarded to the defendants. I am, therefore, in favor of affirming the judgment of the Supreme Court.
 

 Comstock, Oh. J., Selden, Davies, Weight, and Welles, . Js., concurred.