## MULLER a. BAYARD.

*New York Superior Court ; At Chambers, January,* 1863.

COSTS.—TITLE TO REAL PROPERTY.—LICENSE.—TENANCY AT SUFFERANCE.

The term "title" in Code, § 304, subd. 1, means right of possession, not possession in fact, nor mere right of property : and where actual possession is enough to maintain the action, evidence in regard to that does not draw the title in question.

Thus, where in an action for entering plaintiff's premises and carrying off property, the answer averred that the entry was with the consent, knowledge, and

approval of the plaintiff, and that the plaintiff held the premises under a lease which he had taken in his own name, but for the benefit of the defendant, who paid the rent ;—*Held,* that the title to real property did not come in question. A plea of a license to enter upon real property does not bring the title to land in question.

Application for a certificate that the title to lands came in question under §§ 54 and 304 of the Code.

This action was brought by Henry H. Muller against William Bayard to recover $1500 as damages for a trespass in entering upon plaintiff's premises and carrying away certain movables. The plaintiff had a verdict for $40. With the view of obtaining costs in the action the plaintiff applied for a certificate that the title to land came in question. The facts sufficiently appear from the opinion.

*Samuel Hirsch,* for the motion.

*James J. Dean,* opposed.—I. No claim of title was involved in this action. The lease under which plaintiff claimed was distinctly admitted in the answer, and all testimony in reference to the lease was unnecessarily introduced. (Rathbone *a.* McConnel, 20 *Barb.,* 311.)

II. *The fact of possession* was specially set forth in the answer. This was the material question at issue.

III. The defendant simply claims to have held possession of the premises by virtue of an understanding with the plaintiff which amounted to a license and not to a lease or a trust. (Bunel *a.* Kelly, 10 *How. Pr.,* 406 ; Ehle *a.* Quackenbush, 6 *Hill,* 537 ; Chandler *a.* Duane, 10 *Wend.,* 563 ; Radley *a.* Rice, 6 *Ib.,* 539 ; Brown *a.* Majors, 7 *Ib.,* 495.)

ROBERTSON, J.—This is an application for a certificate that the title to land came in question under §§ 54 and 304 of the Code. The action was for a trespass in entering upon the plaintiff's premises unlawfully and carrying away certain movables belonging to him. The answer denies every allegation in the complaint not therein specifically admitted. It alleges that the defendant was " *in lawful occupation and possession* of the premises in question, with the knowledge, consent, and approval of the plaintiff, and also that *the latter took a lease there-*

*for, for a year*, and it *was understood and agreed* between them that " such lease should be for the benefit of the defendant," and "*in accordance with that understanding*, he occupied the premises and paid the rent." The rest of the answer refers to the other wrongs alleged.

The defence in regard to breaking the plaintiff's close, therefore, seems to be a justification both by the understanding between the parties, that the interest in the land obtained by the plaintiff should be for the defendant's benefit, and his occupation of the premises with the former's consent. This substantially admits the plaintiff's legal title to the *locus in quo*, but justifies the act complained of either by the claim of a license to occupy, or tenancy on sufferance, or some right arising out of holding the premises for his benefit.

The term "*title*" in the statute is held to mean "right of possession" (Ehle *a.* Quackenboss, 6 *Hill*, 537), and of course legal possession. It does not include *either possession in fact* or mere *right of property* (*Ib.*), and where *actual possession* is enough to maintain the action, evidence in regard to that does not draw the title in question, although it may be the basis of a right. The trespass in this case was a technical one of entering to carry off movables, and a mere temporary one, not extending to retaining possession, which might be justified under a claim of title. The injury committed was the temporary disturbance of possession only. The answer does not defend the act on the score of right adversely to the plaintiff's title, but in subordination to it by his agreement and permission. A plea of a license does not bring the title to land in question. (Chandler *a.* Duane, 10 *Wend.*, 563 ; People *a.* N. Y. Com. Pl., 18 *Ib.*, 579.) Proof of possession by the plaintiff was all that was necessary under the pleadings, if the defendant had violated it. The evidence given on the trial consisted only of the production of a lease which was admitted in the answer, the rest of the evidence of a trespass consisted in resisting the defendant's claim of entry and occupation by license of the plaintiff. The principal damage done being by carrying off the personal property, there being no injury to the premises committed, it looks as if the suit were brought for trespass, to get full costs although the damages were under 50 dollars.

I do not think it a proper case for a certificate.

Application denied.