GEORGE MECHL *vs.* DANIEL SCHWIECKART, Jun., and HENRY BAUER.

Where a plaintiff brings an action, in this court, claiming damages in the sum of $150, and recovers less than $50, the action being one of which a justice's court would have jurisdiction, but for the excessive claim of damages, he is bound to pay costs to the defendant.

In an action of trespass for entering upon premises owned by a church, called St. Peter's church, and cutting down, prostrating and destroying a shed thereon, in the use and occupation of, and belonging to, the plaintiff, the answer denied that the shed was in the use and possession of the plaintiff, or that the defendants injured or destroyed it. For a second answer, the defendants averred that they were trustees of said St. Peter's church; that the parties and other persons attending said church, having changed their place of worship to another edifice near by, known as St. James' church, authorized and directed the defendants to remove said shed, with others, to the premises of the latter church; and that under and in pursuance of such license, the defendants removed the shed to such premises, and there put it up, for the plaintiff's use. *Held* that these answers did not deny the plaintiff's title to the shed, or set up title in the defendants. And that no question of title to real property arose, upon the pleadings, or was put in issue, within the intent of section 304 of the Code.

A claim of license does not necessarily involve an assertion of title, or raise an issue of title to the land to which it relates.

When the license is alleged to have been given by the plaintiff himself, this excludes the idea of an assertion of title in any one else, or any purpose to question or controvert the plaintiff's title, or put it in issue.

APPEAL from an order made at Special Term, denying costs to the plaintiff and giving costs to the defendant.

The questions decided, and the facts upon which they depend, sufficiently appear in the opinion.

*W. H. Green*, for the appellant.

*E. L. Parker*, for the respondents.

*By the Court*, E. DARWIN SMITH, J. So far as the question of costs depended upon the amount of damages in the plaintiff's complaint, it is well settled that such claim cannot be sustained.

The action was one of which a justice's court would have jurisdiction, if the plaintiff had not claimed dam-

ages exceeding the jurisdiction of the justice. A plaintiff who brings such an action in this court and recovers less than $50 damages is clearly bound to pay the costs to the defendant. (*Seaman* v. *Glegner*, 3 *Hun*, 119. *New* v. *Anthony*, 4 *id.*, 52. *Powers* v. *Green*, 6 *id.*, 234, *affirmed in Court of Appeals, Albany Law Journal, vol.* 14, *p.* 12.)

No certificate of the circuit judge having been procured or produced, showing that the claim of title to real property came in question at the trial, the plaintiff's claim to costs depends upon, and is limited to, the single question whether such claim arises, on the pleadings, under section 304 of the Code.

The action, as stated in the complaint, is trespass for entering, by the defendants, upon the premises owned by a church, called St. Peter's church, in the town of Eden, Erie county, and cutting down, prostrating and destroying a shed, No. 1, situated thereon, in the use and occupation of the plaintiff, and belonging to him, of the value of $150.

The answer denies that the said shed mentioned in the complaint was in the use and possession of the plaintiff, and denies that the defendants injured or destroyed said shed; and for a second answer, the defendants averred that they, with another person named, were trustees of said St. Peter's church, and that prior to the alleged trespass the parties to this action, and others who attended public worship at St. Peter's church, changed their place of worship to another church edifice near by, known as St. Jacob's church, and authorized and directed the defendants to remove said shed, with others, to the St. Jacob's church property; and that under and in pursuance of such licence from the plaintiff and other owners of said sheds, the defendants removed the same to said St. Jacob's church property, and there put up said shed, for the use of the plaintiff if

Mechl *v.* Schwieckart.

he desired it; and these are the same acts·of which the plaintiff complains.

These answers do not deny the plaintiff's title to said shed, or set up title in the defendants. The first answer denies simply his possession of said shed, and the second answer impliedly admits the ownership of the shed, and sets up a license from him to remove this shed to the St. Jacob's church grounds, for his use.

The defendants simply assert that they removed this shed, with others standing on the grounds of St. Peter's church, to the grounds of St. Jacob's church, by the license of the trustees of St. Peter's church, and of the plaintiff and other worshippers at said church. No issue of title is necessarily raised by these answers. The claim of license does not necessarily involve an assertion of title, or raise an issue of title to the land to which it relates. (*Rathbone* v. *McConnell*, 21 *N. Y.*, 466.)

If the validity of a license from other persons than the plaintiff was questioned at the trial and there tried, an issue of title or the right to give such license might arise, which would present a case where a claim of title arose and came in question on the trial. In such case, upon the certificate of the judge stating such fact, the plaintiff would be entitled to costs. But here the license is alleged to have been given by the plaintiff himself, and this excludes the idea of an assertion of title in any one else, or any purpose to question or controvert his title or put it in issue.

We do not think that any question of title to real property arises upon the pleadings, or was put in issue, within the intent of section 304 of the Code.

The decision of the Special Term was therefore correct, and should be affirmed, with $10 costs and disbursements.

Order affirmed.

[FOURTH DEPARTMENT, GENERAL TERM at Buffalo, October, 1876. *Mullin, E. Darwin Smith* and *Talcott,* Justices.]