PETER LEARN, RESPONDENT, *v.* WILLIAM CURRIER, APPELLANT.

*When title to real property comes in question — Code, § 304.*

The complaint alleged that the defendant entered upon the plaintiffs close, tore away and destroyed his watering trough, diverted a stream of water running therefrom from its natural channel, and turned it upon plaintiff's meadow. The answer alleged that there was a highway running through plaintiff's close; that defendant entered as overseer of highways, by direction of the commissioner, and repaired the highway and watering trough, and denied that he diverted the stream from its natural channel. The referee found that the watering trough was on the side of a highway, and that defendant was overseer, but

also found that defendant wrongfully diverted the stream from its natural channel, and gave judgment for plaintiff for one dollar.

*Held,* that the plaintiff did not recover upon a cause of action in which a claim of title to real property came in question, within section 304 of the Code, and that defendant was entitled to costs.

APPEAL from an order made at the Erie Special Term, denying defendant's motion to set aside a certificate of the referee before whom the cause was tried, certifying that the title to land came in question, and to vacate a judgment for costs in the plaintiff's favor, and to direct that a defendant's costs be adjusted by the clerk. The action was brought in the Supreme Court to recover for defendant's alleged destruction of a watering trough on plaintiff's land, and the diversion of a stream of water from its natural channel, and turning it upon plaintiff's meadow.

*G. M. Osgoodby* (Loveridge & Swift, attorneys), for the appellant.

*A. G. Rice,* for the respondent.

SMITH, J.:

The complaint alleged that the defendant broke and entered the plaintiff's close (which was particularly described by metes and bounds), and tore away and destroyed his watering trough, diverted from his barn-yard a stream of water used for watering his stock and other farm purposes, and turned the same upon his pasturing and meadow land where it was unaccustomed to flow. There were two counts, one of which alleged that the acts complained of were done willfully and maliciously. The answer alleged that there was a public highway running through the premises described in the complaint, and that the defendant, as overseer of highways and under the direction of the commissioner, repaired the highway and a certain watering trough which had theretofore been erected at the side of the highway and within its limits, and which belonged to the town and was dedicated to the use of the public traveling in the highway; and that the acts and things which he did, in and about such repairs, were the same acts, grievances and things complained of in the complaint. The answer further denied that

the defendant broke and entered the plaintiff's close, or did any of the other acts specifically alleged in the complaint, as above stated. The answer also alleged that the water was not diverted from its natural channel. The referee found that the plaintiff owned in fee the land described in the complaint; that there was a public highway running through it, and that the defendant was overseer; that the water from a spring on said land flowed to the side of the highway, and the plaintiff had conducted it into a trough constructed by him on the side of the highway and within its bounds, and from the trough the water flowed in a ditch along the side of, and under the road to the plaintiff's barn-yard into a trough for the use of his cattle; that said channel was the natural course of the water, and it had flowed there a long time; and that the defendant unnecessarily and unlawfully changed the water from its natural channel within the bounds of the highway, and turned the same upon the plaintiff's pasture lands, where it was unaccustomed to flow, and deprived the plaintiff of the use of it in his barn-yard to his damage of one dollar, for which sum he found the plaintiff was entitled to judgment. The referee certified that the title to land came in question at the trial. The action was commenced in this court. The question to be decided is, which of the parties is entitled to costs?

Section 304 of the Code of Procedure provides that costs shall be allowed, of course, to the plaintiff, upon a recovery　*　*　* in an action for the recovery of real property, or when a claim of title to real property arises on the pleadings, or is certified by the court to have come in question at the trial. In *Burhans* v. *Tibbitts* (7 How. Pr. R., 74), a construction was given to that section by the General Term in the third district. Mr. Justice WRIGHT, delivering the opinion of the court, said, that "when the section speaks of a recovery in an action where a claim of title arises, it means that such claim of title shall arise on the entire pleadings, and that the recovery shall be in hostility to such claim." That was an action originally commenced in this court for a wrongful entry upon, and injuries to, real property; the title was put in issue by the pleadings, and the jury found the title in the defendants, but also found that the plaintiff was entitled to recover fifty cents for the conversion of certain per-

sonal property of the plaintiff found on the premises. Held, that it was not a recovery within the meaning of section 304, and that the plaintiff was not entitled to costs.

In the present case it is true that the answer, by setting up the existence of a public highway, raised an issue of title ; but here, as in the case of Burhans, the issue of title was found in the defendant's favor, and the plaintiff recovered for a cause of action distinct from that of *quare clausum fregit.* He recovered upon the finding that the defendant had diverted a stream of water from its natural channel in the highway, and thereby cast the water upon the plaintiff's pasture, and deprived him of the use of it in his barn-yard. The damages recovered were consequential and not direct, and an action for their recovery alone would have been within the jurisdiction of a justice of the peace. (*Arnold* v. *Foot*, 12 Wend., 330.) There was no cause of action for diverting the water stated in the complaint. All that was alleged in respect to it was by way of aggravation of the damages caused by the wrongful entry, which was the *gravamen* of the action. (*Van Leuven* v. *Lyke*, 1 Comst., 515.) If the plaintiff had set out in his complaint the real cause of action for which he recovered, to wit, that the defendant, in repairing the highway, as an overseer, wrongfully diverted the water from the channel in which it was accustomed to flow upon the plaintiff's land adjoining the highway, a mere denial would have been the only defense needed. No question of title would have arisen (*Rathbone* v. *McConnell*, 21 N. Y., 466), and the defendant would have been entitled to costs in case the plaintiff recovered less than fifty dollars. (Code of Procedure, § 304, sub. 4, § 305 ; *Turner* v. *Van Riper*, 43 How. Pr. R., 37.) I do not think that the plaintiff entitled himself to costs by unnecessarily framing his complaint in such a manner as to require the defendant to set up a plea of title, together with a denial, upon which plea the defendant has succeeded.

These views do not conflict with *Hall* v. *Hodskins*, decided by the General Term in the fourth district. (30 How. Pr. R., 15.) In that case the action was commenced in a justice's court. The defendant pleaded that the *locus in quo* was a highway, as a full defense to the entire cause of action, and so ousted the justice of

jurisdiction.  The action was prosecuted in this court on the same pleadings, and the plaintiff withdrew his claim for acts done on the highway, set up by the defendant, and recovered less than fifty dollars for the other trespasses complained of on other portions of the *locus in quo*.  It was held that the plaintiff was entitled to costs.  Bockes, J., delivering the opinion of the court, said : " The defendant had it in his power to limit his justification to such acts of entry upon the *locus in quo* as were protected by his right of way."  (p. 29.)  In the present case, as has been seen, the acts for which the plaintiff recovered were not acts of *entry*.  Besides, there was but one statement of defense, and the answer that the *locus in quo* was a highway also, denied specifically the alleged interference with the water course, so that the highway was not pleaded as a defense to the entire cause of action.  It does not appear that any objection was made to the form of the answer.

The order should be reversed, and the relief asked for at Special Term should be granted, with ten dollars costs and disbursements of the appeal, and ten dollars costs of the motion at Special Term.

Noxon, J., concurred ; Talcott, P. J., did not sit.

Ordered accordingly.