## JOSEPH E. BENTLEY AND SARAH BENTLEY *v.* REBECCA F. JONES AND JOHN C. ELDER.

PLEADINGS—ALLEGATION OF RIGHT OF POSSESSION.—Under subdivision 1 of section 539 of the civil code, a party in an action who obtains judgment is entitled to costs when a claim of right to the possession of real property arises upon the pleadings. In this case the right of possession was a material question. The complaint alleged ownership and possession. These allegations being denied, it was *held*, that a claim to the right of possession was presented by the pleadings, and that the party recovering the judgment was entitled to full costs.

APPEAL from Linn County.

The complaint alleges that the appellants are husband and wife, and that appellant Sarah Bentley is the owner in fee of the real property described in the complaint and alleged to have been impaired by a nuisance erected by said respondents, and that the appellants were in possession of said real property at the time of the alleged erection and maintenance of the nuisance described as aforesaid.

The answer of the respondents denies that Sarah Bentley was at any time the owner in fee of said real property, or that appellants were in possession of the same.

That upon the trial a verdict was rendered by the jury in favor of the appellants, the sum of one dollar, for damages, and the court below thereupon rendered a judgment in favor of said appellants for one dollar for damages and one dollar for costs, and refused to render judgment in favor of said appellants for their costs and disbursements.

The questions presented by this appeal in this action are the following:

1. Did a claim of title or interest in real property or right of possession thereof, arise upon the pleadings in this action?

2. Did the court below err in refusing to render judgment in favor of appellants for their full costs and disbursements in said action?

*Bonham & Ramsey, S. A. Johns and T. P. Hackleman,* for appellants.

*J. K. Weatherford,* for respondent.

By the Court, BOISE, J.:

The determination of this case depends upon the construction to be given to 'section 539 of the code, page 222. The first subdivision of that section provides that costs shall be allowed to the plaintiff upon a judgment in his favor: "In an action for the recovery of the possession of real property, or where a claim of title·or interest in real property, or right to the possession thereof arises upon the pleadings."

This being an action for a nuisance affecting the use of the real property, the appellants, in order to recover, must prove that they were in the rightful possession of the premises described in the complaint, which were alleged to be affected by the nuisance. The question of ownership of the premises was not a necessary issue but a right of possession was, and as appellants alleged both ownership and possession of the premises, and the respondents denied these allegations, the right to possession was an issue in the case, and brings the case within the last clause of the statute above quoted, where the right to the possession of the premises arises upon the pleadings.

Reference has been made to some New York cases, to show that the appellants are not entitled to costs, but on examination of the statute of that state it is found that the last clause of the section of our statute is not in the New York statute, and the cases cited do not apply.

We think the appellants were entitled to full costs, and the judgment of the circuit court will be reversed so far as the question of costs is concerned, and the court below be directed to allow full costs to them.