McAdam, C. J.
The plaintiff, as assignee of the landlord, sued the defendant for breach of the covenants of an indenture of lease, wherein the defendant agreed ‘ ‘ to keep .and maintain the plate glass in the windows in proper order and repair.” The breach charged is that the defendant caused or permitted “three panes of the plate glass to become broken and out of order,” to the plaintiff’s damage sixty dollars. The jury awarded the plaintiff a verdict for thirty-nine dollars, on which the plaintiff undertook to tax a bill of costs. The clerk declined to tax the bill, because the verdict was less than fifty dollars, _ and from an order of the special term, sustaining the ruling of the clerk, the is taken.
The plaintiff alleged in his complaint, in addition to the case, title to the premises, but this was unnecessary and because the. defendant took issue on this immaterial allegation, the plaintiff claims that the title to land came in question, and that he was therefore entitled to costs, without regard to the amount of the recovery. This claim is without force. The trial judge did not certify that the title to land came in question on the trial, nor did the question legitimately arise upon the pleadings within the meaning of the Code (sec. 3228, subd. 1). The plaintiff having sued for breach of covenant was entitled to recover, if at all, independently of the question of ownership or title to the land. The question of title cannot be said to come in question, unless the plaintiff in order to recover, is bound both to allege and (if denied) prove title on the trial. Muller v. Bayard, 15 Abb. Pr., 449; Rathbone v. McConnell, 20 Barb., 311; aff’d 21 N. Y., 466; Learn v. Carrier, 15 Hun, 184; aff’d 76 N. Y., 625.
*271 It follows therefore that the order appealed from was properly made and must be affirmed with cost0
Nehrbas, J. concurs.