By the Court.—Truax, J.
The only material issue raised by the pleadings was, were the plaintiffs injured *373 by the acts of the defendant ? The allegation in the answer that the wall between plaintiffs’ premises and defendant’s premises was a party wall, was an allegation of an immaterial fact, because, if the allegation that the plaintiffs were injured by the emission of smoke, dust, and dirt, from the defendant’s premises, upon theirs, was true, it was no defense that such emissions were made from a party wall.
If the defendant by the allegation that the wall had been in use inore than twenty years, meant to allege that he had a license to do the acts complained of, that allegation would not raise a question of title. Rathbone v. McConnell, 21 N. Y. 466 ; Muller v. Bayard, 15 Abb. 449 ; Mechl v. Schwieckart, 67 Barb. 599.
But even if we consider the allegation, that the wall was a party wall, to be a material allegation, it did not put in issue the title to the wall, or to any part of plaintiffs’ premises, for it was admitted by the answer that the plaintiffs owned the premises claimed by them in the complaint, and that the defendant owned the premises “ adjoining the said premises of the plaintiffs,” and the premises were described in the complaint, and the description was admitted by the answer.
If plaintiffs had only the right of possession, they were entitled to recover damages for the injury that the evidence showed they had sustained to their right of possession. No damage to the freehold is alleged in the complaint.
In Kelly v. N. Y. & Man. B. R. R. Co., 81 N. Y 233, and Green v. The Village of Canandaigua, 30 Hun 306 (actions for trespass, quare, clausam fregit), the complaints alleged that the plaintiffs were owners of the property which, it was alleged, the defendants had injured, and the answers denied- tiffs allegation of ownership.
The order appealed from is affirmed with costs.
Dugro, J., concurred.