(24 Misc. Rep. 205.)

## TAYLOR v. WRIGHT.

(Supreme Court, Special Term,. Albany County. July, 1898.)

1. COSTS—GROUNDS OF ALLOWANCE—SUCCESS ON ISSUE OF FACT.

Where possession at time of an alleged trespass was alleged in the complaint, denied by answer, and testified to by plaintiff, a written lease relevant thereto was put in evidence by defendant, and the comp a,nt dismissed on his motion, at the close of plaintiff's case, because of a rule of law applicable to the facts in evidence, there was such trial of an issue of fact as to entitle plaintiff to costs, under Code Civ. Proc. § 3235.

**2. SAME—TITLE TO REALTY IN QUESTION ON TRIAL.**

Under Code Civ. Proc. § 3235, which provides for the disposition of costs in certain cases, unless "it is certified that the title to real property came in question on the trial," where title was in issue, but not tried, it should not be certified that title "came in question on the trial."

**3. JUSTICES OF THE PEACE—JURISDICTION—REALTY—POSSESSION.**

A claim of possession is not a claim of title to real property, and may be tried in justice court.

Action by Elizabeth C. Taylor against Charles Wright. On motion for retaxation of costs. Denied.

Wm. C. Lamont, for the motion.

A. B. Coons, opposed.

CHESTER, J. The defendant moves for a retaxation of costs taxed in favor of plaintiff, and for a direction that the clerk tax defendant's costs against the plaintiff or for a certificate, under section 3235 of the Code of Civil Procedure, that the title to real property came in question on the trial. The action was originally commenced in justice's court for damages for an alleged trespass. A plea of title being there interposed by the defendant, the action was discontinued in that court, and a new action commenced in this court for the same cause. The trial in this court resulted in a dismissal of the complaint.

The Code of Civil Procedure (section 3235) relating to costs in cases like this provides that:

"The party, in whose favor final judgment is rendered in the new action, is entitled to costs; except that, where final judgment is rendered therein, in favor of the defendant, upon the trial of an issue of fact the plaintiff is entitled to costs, unless it is certified, that the title to real property came in question on the trial."

Both parties presented bills of costs to the clerk for taxation. The clerk taxed the plaintiff's bill, and refused to tax the defendant's, and the defendant now makes this motion.

He insists that there has been no trial of an issue of fact, and, judgment having been rendered in his favor, that he, and not the plaintiff, is entitled to costs, under the section of the Code above referred to. In the complaint it is alleged that the plaintiff at the time of the alleged trespass was "the owner of and in possession" of the lands upon which she claimed the trespass had been committed by the defendant. This was denied in the answer. This raised an issue of fact. The plaintiff was sworn in her own behalf, and testified that she was in possession of the premises in question at the time of the alleged trespass. On her cross-examination, however, the fact was elicited that at that time the lands were in the possession of her tenant under a lease made by her. The lease was in writing, and was put in evidence by the defendant before the plaintiff rested. At the close of the plaintiff's case the complaint was dismissed on the defendant's motion, on the ground that the plaintiff, not being in possession at the time of the alleged trespass, could not maintain the action. I think this brief recital shows that there has been a trial of an issue of fact. This is none the less true because the case was finally disposed of on a ques-

tion of law. That disposition was simply the application of the law to the facts established upon the trial of the issue of fact.

The defendant cites the cases of Gates v. Canfield, 28 Hun, 12, and Saunders v. Goldthrite, 41 Hun, 242, in support of his contention; but I think both of these cases are fairly to be distinguished from the case made here. Each of them were actions commenced in justice's court for trespass on lands, and each was again commenced in the supreme court after a discontinuance on the plea of title in the lower court. In the Gates Case the plaintiff, on the trial in the supreme court, gave no evidence of the alleged trespass, and the complaint was dismissed. It was held that while there was an issue of fact joined by the pleadings, "when the plaintiff's evidence was out, it was apparent that there was no issue of fact to be tried," and costs were therefore given to the defendant. In the Saunders Case the complaint was dismissed because of plaintiff's default in appearance at the trial in the supreme court. The plaintiff then contended that he was entitled to costs, but the court, following the Gates Case, gave costs to the defendant, stating that "the defendant could not compel the trial of the issue of fact, and hence he would be punished by a judgment for costs whenever the plaintiff saw fit to suffer default."

Here the plaintiff appeared at the trial, and gave evidence in support of her allegations of trespass and of possession, and the defendant put in evidence the lease, and furnished proof showing the fact to be that plaintiff was not in possession. This was the trial of an issue of fact, and therefore the cases cited by the plaintiff—in neither of which was there such a trial—are not in point.

The defendant also asks, on this motion, that he be awarded a certificate that the title to real estate came in question on the trial. It is true, as urged by the defendant, that the title was in issue under the pleadings. The defendant, by raising that issue in the justice's court, caused the case to be removed to this court, and the same issue was, under the law, required to be made here. Code Civ. Proc. § 2957. But the question is not whether there was a question of title "upon the pleadings," but the different one whether such title came in question "on the trial." See Code Civ. Proc. § 3228, subd. 1, and section 3235. Notwithstanding the plaintiff gave evidence on the trial on the question of her title, the defendant did not litigate that question with her, but defeated her solely on the issue relating to her possession. That was the only issue tried, and was, I think, entirely outside of any question of title to real estate. A claim of possession is not a claim of title, and could have been tried in the justice's court. Ehle v. Quackenboss, 6 Hill, 537; Rathbone v. McConnell, 20 Barb. 311; Id., 21 N. Y. 466.

The defendant is not, therefore, entitled to the certificate he asks, and, as there has been the trial of an issue of fact, the clerk was right in taxing plaintiff's bill and denying taxation to the defendants. Motion denied, with costs.