ELIZABETH C. TAYLOR, Respondent, *v.* CHARLES WRIGHT, Appellant.

*Action for trespass in a Justice's Court discontinued upon a plea of title, and a new action brought in the Supreme Court — costs where the plaintiff's proof is insufficient.*

Whenever, in an action of trespass brought in a Justice's Court, which upon the interposition of a plea of title therein is discontinued and is thereafter brought in the Supreme Court, it becomes necessary for the plaintiff, under the pleadings, to prove title, and he does, upon the trial, give evidence thereof, the title to real property comes in question within the meaning of section 3235 of the Code of Civil Procedure, providing "that, where final judgment is rendered therein in favor of the defendant, upon the trial of an issue of fact, the plaintiff is entitled to costs, unless it is certified that the title to real property came in question on the trial."

The fact that the plaintiff gave insufficient evidence to maintain his complaint, and that thus the defendant is relieved from the necessity of giving any evidence to contradict that given by the plaintiff, does not deprive the defendant of the right to a certificate, under section 3235, and to his costs.

APPEAL by the defendant, Charles Wright, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Schoharie on the 12th day of August, 1898, denying his motion to vacate the taxation of costs in favor of the plaintiff by the clerk of the county of Schoharie, and for a certificate that the title to real property came into question upon the trial.

This is an action of trespass commenced in the Justice's Court. The defendant interposed a plea of title; the plaintiff discontinued, and thereafter brought her action in the Supreme Court.

In the plaintiff's complaint she alleged that she was the owner and in possession of a certain described farm and premises situated in

the town of Esperance, Schoharie county. She then alleges various acts of trespass upon the part of the defendant.

The defendant, in his answer, first denies each and every allegation contained in the complaint, and for a further answer alleges that, at the times alleged in the plaintiff's complaint, he was the commissioner of highways of the town of Esperance, Schoharie county, and was acting as such at the time of the commission of the alleged wrongful acts stated in the plaintiff's complaint. He further alleges that the plaintiff was not the owner of the lands, soil and freehold where the trespass was committed, but that the premises were owned by John Enders, deceased, and his grantees; and also denies that plaintiff was in possession of such premises, and further alleges that the place where such trespass was committed was used by the public in common for more than twenty years, and was owned by the public and not by the plaintiff.

Upon the trial the plaintiff gave documentary evidence of her title to the farm and premises described in the complaint, but upon her own oral examination it appeared that she had not been in actual possession of the premises for a number of years, and was not in actual possession of such premises at the time of the alleged trespass, but that at such time said premises were in the possession and occupation of a third party, holding under a lease.

At the close of the plaintiff's evidence, the defendant moved to dismiss the complaint, which motion was granted by the court upon the ground that the plaintiff had not proved possession in fact under the allegation in her complaint, which the court held was an essential allegation for her to prove.

Defendant's counsel asked for an order permitting him to tax the costs without being compelled to go to the Special Term; the court refused to determine the question at that time. Subsequently the parties appeared before the county clerk and each requested him to tax their costs; against the objection of the defendant, the clerk taxed costs in favor of the plaintiff; the defendant thereupon moved before the court at Special Term, held by the same justice who tried the case, for a retaxation of such costs in favor of the plaintiff, and for a direction that the clerk tax defendant's costs against the plaintiff, or for a certificate under section 3235 of the Code of Civil

Procedure that title to real property came in question upon the trial. The court denied the motion, and from such order the defendant appeals to this court.

*William C. Lamont*, for the appellant.

*A. B. Coons*, for the respondent.

HERRICK, J.:

Section 3235 of the Code of Civil Procedure reads as follows: " Where an action, brought before a justice of the peace, or in a district court of the city of New York, or a justice's court of a city, has been discontinued, as prescribed by law, upon the delivery of an answer, showing that title to real property will come in question, and a new action, for the same cause, has been commenced in the proper court, the party in whose favor final judgment is rendered in the new action is entitled to costs ; except that where final judgment is rendered therein in favor of the defendant upon the trial of an issue of fact, the plaintiff is entitled to costs, unless it is certified that the title to real property came in question on the trial."

Under this section can it be said that the title to real property came into question upon the trial ?

In this case the question of title was squarely raised by the pleadings ; it was alleged in the complaint ; it was put in issue by the general denial in the defendant's answer ; it was also specifically denied in another portion of his answer ; the title was furthermore alleged to be in a third party, and the title to the particular place where the trespass occurred was alleged to be in the public for their common use and benefit.

While it is true that the plaintiff might maintain an action of trespass by showing actual possession and occupation alone, without alleging or proving title, yet under such allegation and proof she could not recover for damages to the freehold. In this action she not only alleged title, and gave evidence of it, but claimed upon the trial that the trespass constituted an injury to the freehold, and the court held that the evidence given, being uncontroverted, was sufficient to prove title. The fact that at the close of the plaintiff's case the defendant moved to dismiss the complaint, offering no evidence in his own behalf to controvert any of the evidence given by the

plaintiff, does not warrant us in saying that the title to real property did not come into question upon the trial.

For the purpose of this section of the Code, it seems to me that whenever under the pleadings it becomes necessary for the plaintiff to prove, and he does upon the trial give evidence of title, it may be fairly said that such title came in question upon the trial.

Those matters come in question upon the trial that are alleged in the complaint, controverted by the answer, and which the plaintiff gives evidence of to maintain his cause of action. The fact that the plaintiff gives insufficient evidence to maintain his complaint, and that thus the defendant is relieved from the necessity of giving any evidence to contradict that given by the plaintiff, does not change the situation and remove those matters which have been pleaded and evidence of given, from the category of matters that came in question upon the trial.

It seems to me, therefore, that the defendant is entitled to a certificate in accordance with section 3235, and to his costs.

This is in harmony with the cases of *Gates* v. *Canfield* (28 Hun, 12); *Saunders* v. *Goldthrite* (41 id. 242), and of *Morss* v. *Salisbury* (48 N. Y. 636), and is not in conflict with the cases of *Ehle* v. *Quackenboss* (6 Hill, 537), or of *Rathbone* v. *McConnell* (21 N. Y. 466).

In the case of *Ehle* v. *Quackenboss* (6 Hill, 537) there was no evidence of title given upon the trial, and in *Rathbone* v. *McConnell* there was no claim or evidence of title.

Order reversed, with ten dollars costs and disbursements of this appeal, and motion for certificate granted, with ten dollars costs.

All concurred, except PUTNAM, J., not voting.

Order reversed, with ten dollars costs and disbursements of this appeal, and motion for certificate granted, with ten dollars costs.