(110 App. Div. 487.)

### SHAFFER v. SHAFFER et al.

(Supreme Court, Appellate Division, Fourth Department. January 10, 1906.)

COSTS—DISCONTINUANCE BEFORE JUSTICE—NEW ACTION—RIGHTS OF DEFENDANT.

Plaintiff brought trespass in a Justice Court and defendant showed that title to real property would come in question on the trial. The action was dismissed on defendants' giving an undertaking under Code Civ. Proc. § 2952, and an action was brought in the proper court. Plaintiff failed to prove a trespass and a nonsuit was granted. Held, that under Code Civ. Proc. § 3235, providing that a party in whose favor judgment is rendered in a new action after discontinuance of the action in the Justice Court is entitled to costs, except that where a final judgment is rendered in favor of defendant on the trial of an issue of fact, plaintiff is entitled to costs, unless title to real property came in question on the trial, as no question of fact was involved, the party in whose favor final judgment was rendered was entitled to costs.

Appeal from Special Term, Cattaraugus County.

Action by John Shaffer against Anna Shaffer and another. From an order setting aside a judgment for costs, and ordering a retaxation of costs in favor of plaintiff, defendants appeal. Reversed.

The plaintiff commenced an action for trespass in Justice's Court. The defendants interposed an answer in due form, setting forth, among other defenses, facts showing that the title to real property would come in question upon the trial, and delivered to the justice an undertaking conformably to section 2952 of the Code of Civil Procedure, and the action was thereupon discontinued. Subsequently the present action was commenced for the same cause, and the defendants answered. Upon the trial, the plaintiff failed to show any trespass by the defendants, and, at the suggestion of the trial judge, a motion for nonsuit was made and granted. Each side appeared before the clerk upon the taxation of costs, and they were taxed for the defendants, and judgment therefor upon the nonsuit was entered. The County Court ordered a retaxation of the costs in favor of the plaintiff, and disallowed the taxation made by the clerk in favor of the defendants, and the appeal is from the order of that court.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and NASH, JJ.

Henry Donnelly, for appellants.
M. B. Jewell and Frank J. Shaffer, for respondent.

SPRING, J. We do not agree with the learned county judge. Section 3235 of the Code of Civil Procedure regulates the costs in the new action commenced after the discontinuance of the one in Justice's Court. It provides that:

"The party, in whose favor final judgment is rendered in the new action, is entitled to costs; except that, where final judgment is rendered therein, in favor of the defendant, upon the trial of an issue of fact, the plaintiff is entitled to costs, unless it is certified, that the title to real property came in question on the trial."

There are, therefore, two contingencies provided for in this section: The first in harmony with the general rule that costs follow the final judgment; the second that the defendant, even though he may succeed upon the question of fact, is not entitled to costs, unless he present a certificate that title to real property came in question on the trial. Failing in this, the plaintiff is entitled to costs. By the latter provision, if the defendant ousts the justice of jurisdiction, he must prove on the trial of the new action that the title to the premises is in controversy, or pay the penalty by having the costs of the action imposed upon him, if there is a verdict or a trial of the question of fact.

In the present case the plaintiff had no cause of action at all. The defendants could not rely upon the plaintiff failing to make a prima facie case. Their only safety was in alleging that they, or one of them, were the owners of the fee of the premises, if the title to real property was really involved. The plaintiff, however, is not entitled to costs where the defendant has succeeded, unless there has been a "trial of an issue of fact." There was no issue of fact tried. The case did not raise an issue of that kind. As matter of law he was defeated. He is in the same position as if the facts actually proven had been stated by the counsel for the plaintiff in his opening address to the jury, and a dismissal had been made thereon. A trial fee would have been allowed, but no issue of fact would have been tried. A judgment of nonsuit upon an appeal involves pure and simple a question of law, and is no bar to another action for the same cause of action alleged in the complaint. The issues of fact signified by the provisions of the Code imply a controversy involving conflicting evidence.

The authorities support this contention. In Gates v. Canfield, 28 Hun, 12, the question was trespass in Justice's Court, and a plea of title was interposed, the action discontinued, and a new action for the same cause commenced in Supreme Court. The printed record in that case shows that testimony was given on behalf of the plaintiff upon the trial, but not of the trespass alleged. A nonsuit was granted, and a certificate given by the trial judge that the title to real property did not come in question on the trial. Costs were taxed for plaintiff by the clerk, and the Special Term declined to set aside the taxation. Upon appeal to the General Term, the order of the Special Term was reversed, and defendant's motion for taxation of costs was granted. The court held distinctly that although testimony was given for the plaintiff, that there was no trial of an issue of fact. This case has been followed in Saunders v. Goldthrite, 41 Hun, 242, and Taylor v. Wright, 36 App. Div. 568, 55 N. Y. Supp. 761.

Any other rule would work manifest injustice. The plaintiff if not ready for trial, or doubtful of success, might conclude to give no testimony or insufficient to make a case, and, upon a nonsuit or dismissal of the complaint, recover his costs against the defendant, and at a more opportune time make another experiment. Failure to establish his cause of action in every instance might be equivalent to a victory and certainly preferable to running the risk of a verdict in a doubtful action.

As there was no question of fact involved, the general rule set forth in the section quoted applies, that the party in whose favor final judgment is rendered is entitled to costs.

Order reversed, with $10 costs and disbursements, and the motion of the plaintiff for retaxation of costs denied, with $10 costs. All concur.