Submitted on briefs June 30, affirmed October 11, 1921.

## SCHIFFMAN *v.* HICKEY ET UX.

(200 Pac. 1035.)

**Costs—Plaintiff not Entitled to Costs Where Defendants, Relying on License, Admit His Title and Right of Possession.**

1. Under Section 562, subdivision 1, Or. L., allowing costs in an action where a claim of title or right to possession of real property arises on the pleadings, where defendants, in an action for trespass, relied on a license from plaintiff and his predecessors not involving title or right to possession, which their answers admitted were in plaintiff, the latter was not entitled to costs, where the amount recovered was less than $50.

**Trespass—License Justification.**

2. Where a licensor sues in trespass, the licensee may, before revocation, justify under the license.

**Appeal and Error—Overruling of Objection to Question Evaded by Plaintiff With Fling at Defendant not Harmful Error.**

3. Where plaintiff, in an action for trespass, instead of answering a question on cross-examination as to whether he believed defendant went on the land by mistake after he had been there for 25 or 30 years, evaded it and took a fling at defendant by stating, "He pastured another man's land up there for the last 15 years," the overruling of an objection to such question was not harmful.

**Appeal and Error—Any Error in Question Cured by Answer That Witness Did not Remember.**

4. In an action for trespass, where defendants pleaded a license from plaintiff and his predecessors in title, overruling of objection to question as to who was in possession at a time prior to plaintiff's purchase, if erroneous, was harmless where the witness answered that he did not remember.

**Trespass—Evidence of Occupancy Held Admissible to Show License.**

5. In an action for trespass, where defendants pleaded a license from plaintiff and his predecessors in title, testimony as to who was in possession, and as to defendants' possession prior to plaintiff's

ownership, was admissible to establish license, and it was proper to instruct the jury to consider such testimony on the question of consent, and that, though occupancy prior to the conveyance to plaintiff was not a defense, the knowledge of plaintiff and his predecessors and their failure to object constituted some evidence of consent.

From Tillamook: Geo. R. Bagley, Judge.

In Banc.

This is an appeal from a judgment for damages in an action for trespass. The plaintiff sued defendants for the sum of $200. The verdict of the jury awarded him damages in the sum of $1 against each of the defendants. Based upon this verdict the court awarded judgment in favor of the plaintiff and against each of the defendants in the sum of $1, and, because the verdict was for a sum less than $50, it was adjudged that the defendants recover their costs from the plaintiff, in the amount of $62.30.

The trespass is alleged to have been committed by defendants upon a tract of land consisting of about ten acres of meadow and grass land situate along the banks of East Foley Creek, being a part of the southeast quarter of the southwest quarter of section 6, township 2 north, range 9 west of the Willamette Meridian, in Tillamook County, Oregon. The land was uninclosed, and, for many years prior to its purchase by plaintiff in 1915, was depastured by the defendants with their stock. It seems from the testimony of record that for some years defendants believed themselves to be the owners of the land, and that the line between the defendants' land and that referred to herein was uncertain until it was established after plaintiff's purchase.

Plaintiff testified that he purchased the premises on May 15, 1915, and that the defendants were in possession at that time. He further testified that he

offered to sell the land to defendant Dan Hickey "because I believed he went on there by mistake."

It appears from the record that when the survey was made the meadow lands were shown to be the property of the plaintiff. After the purchase of the premises by the plaintiff, he had knowledge that the defendants were depasturing the same and cutting the grass, but made no objection, and the defendants' first information of the displeasure of plaintiff was the service of process in this damage case.

From the judgment entered, plaintiff appeals to this court and assigns as error:

"The court erred:

"In overruling plaintiff's objection to testimony that defendants * * had been in possession of the premises * * prior to the time when plaintiff acquired said property * * . This assignment applying to evidence on cross-examination of plaintiff, and witnesses Nelson, Easom, Lommen, Lundburg and Hickey.

"In allowing testimony * * over objection, showing that Hickey cleared the land * * or had held possession of the property * * while the same was owned by others than plaintiff.

"In instructing the jury in relation to occupancy and possession of the premises prior to May 15, 1915.

"In submitting to the jury the question * * as to whether or not the defendants were in possession of the land with the consent of plaintiff, and in instructing the jury that if defendants were in possession of the land with the consent of plaintiff, it would not be a trespass, and in instructing the jury that they may consider the question of prior possession by defendants for what light it may shed on the question of consent."

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Botts & Winslow.*

For respondents there was a brief over the name of *Mr. S. S. Johnson.*

BROWN, J.—The plaintiff alleges error because the court gave the defendants judgment for costs on his verdict in the sum of $1. The statute upon which defendants base their claim for costs reads:

"Costs are allowed * * in an action for the recovery of the possession of real property, or where a claim of title or interest in real property, or right to the possession thereof, arises upon the pleadings, or is certified by the court to have come in question upon the trial." Or. L., § 562, subd. 1.

The question for consideration is: Did a claim of title or interest in real property or right to the possession thereof arise upon the pleadings; or, if not, is such a query certified by the court to have come in question upon the trial? For this information, the court is confined to two sources: First, to the pleadings; second, to the certificate of the court below. If such question did arise and it appears from the pleadings or is certified by the court to have come in question on the trial, the plaintiff is entitled to recover his costs as a matter of course, notwithstanding the verdict of $1 only. The trial court made no such certificate; hence, we are confined to the pleadings in the case.

The complaint alleges that the plaintiff, since May 15, 1915, has been the owner in fee simple and entitled to the possession of said southeast quarter of the southwest quarter of section 6, township 2 north, range 9 west of the Willamette Meridian; that about

ten acres of said land is meadow and pasture land; that on or about the fifteenth day of May, 1915, the defendants wrongfully entered upon and continuously have held possession of said meadow and pasture lands and depastured their cattle and cut and removed the grass growing thereon.

The answer admits the fee-simple title to be in plaintiff and that he is entitled to possession, and affirmatively alleges that whatever lands and premises the plaintiff owns in said quarter-section lying along the banks of said East Foley Creek were at all times mentioned in the pleadings, and for more than ten years prior to the filing of the complaint herein have been, uninclosed and uninhabited, and not in the actual possession of any person other than the plaintiff and his predecessors in interest. As a defense to the averments of the complaint, the answer alleges a license from the plaintiff and his predecessors to the defendants, for a continuous period of more than ten years, authorizing them to enter upon the lands and depasture the same and to cut the grass growing thereon.

Plaintiff filed a reply, admitting:

"That at all times mentioned in the complaint the said lands alleged to have been trespassed over were not in the possession of any other person than plaintiff except for the casual possession thereof by defendants while committing the trespass alleged in the complaint."

The case of *Bentley* v. *Jones,* 7 Or. 108, 109, cited by plaintiff, does not sustain his contention. That case was an action for damages arising from a nuisance affecting the use of real property. The court held that appellants having alleged possession of the premises, which was a necessary allegation in order

to sustain their complaint, and respondent having denied that allegation, hence,

"the right to possession was an issue in the case, and brings the case within the last clause of the statute * * where the right to the possession of the premises arises upon the pleadings."

1. In the case at bar, we have seen that the defendants do not deny the plaintiff's title or right to possession, but, in their answer, admit that title to the real property and the right to possession thereof is in the plaintiff. Thus, it will appear that no issue was made in the pleadings, concerning the title or right to the possession of the land; hence, the plaintiff was not entitled to costs growing out of the issues contained therein. The only justification the defendants relied upon in going upon the land was that of license not involving title or right to possession: *Burnet* v. *Kelly,* 10 How. Pr. (N. Y.) 406; *Rathbone* v. *McConnell,* 21 N. Y. 466; *Brown* v. *Majors,* 7 Wend. (N. Y.) 495; *Squires* v. *Seward,* 16 How. Pr. (N. Y.) 478; *Sing* v. *Annin,* 10 Johns. (N. Y.) 302; *Muller* v. *Bayard,* 15 Abb. Pr. (N. Y.) 449.

2. It has often been held that:

"A license is defined as a personal, revocable and unassignable privilege conferred either by writing or parol to do one or more acts on land without possessing any interest therein. It is a distinguishing characteristic of a license that it gives no interest in the land and it may rest in parol * * . It is an authority to do a lawful act, which, without it, would be unlawful; and, while it remains unrevoked, is a justification for the acts which it authorizes to be done. According to this principle, a bare parol license, though without consideration, will furnish a justification for an act which would otherwise be a trespass." 17 R. C. L., pp. 564, 565, § 78.

It is settled law that where the licensor sues in trespass, the licensee may in all cases, before revocation, justify under the license: 17 R. C. L., p. 593, § 102.

3. The bill of exceptions in this case recites that the plaintiff offered himself as a witness and gave testimony tending to support the allegations of the complaint, and was turned over to the defendants for cross-examination. The record shows the following:

"Q. Then, after you knew where the stakes were, you proposed that if the stakes ran along your way when the line was actually surveyed, you would be glad to sell Mr. Hickey the land cheaper than you would anybody else?

"A. I wanted to sell the land because I believed he went in there by mistake.

"Q. After he had been there for 25 or 30 years?

"Counsel for plaintiff: I object to how long he had been in there.

"A. He pastured another man's land up there for the last 15 years.

"Mr. Botts: This took place before Schiffman bought the property.

"Mr. Johnson: When this man purchased the property these people were in possession and I am trying to find out where the trespass began according to this witness' statement.

"The Court: Objection is overruled."

To this ruling of the court the plaintiff excepted.

The foregoing assignment of error cannot avail plaintiff, for various reasons, first of which is that the plaintiff, instead of answering the question, evaded it and took a fling at defendant by stating:

"He pastured another man's land up there for the last fifteen years."

The record affirmatively shows that plaintiff was not harmed by the ruling of the court.

4, 5. Nick Nelson, a witness for defendant, was asked:

"Q. Who was in possession of the ground at that time?"

This question was objected to by plaintiff as immaterial.

"The Court: Objection is overruled. Answer the question.

"A. How is that?"

Plaintiff thereupon excepted.

"Q. Who was in possession of the ground at that time?

"A. I think that at that time—that is a long time ago and I don't remember how it was."

We believe the information sought by the question to be material and relevant to the issue made by the defendants' plea of license. But there is no answer, over objection, to any question put to this witness that by any stretch of imagination could have prejudiced the plaintiff.

Charles Easom, witness for defendant, testified as follows:

"Q. Mr. Hickey has been in possession all the time?

"A. As far as I know.

"Mr. Botts: I object to any testimony as to anything occurring prior to the time of the ownership of Mr. Schiffman.

"The Court: The court is admitting it on the theory of consent.

"Mr. Botts: We take an exception.

"The Court: An exception is allowed."

In view of the defense pleaded in the answer, this was a sweeping objection indeed. The court's ruling was correct. Consent was averred and testimony tending to establish it was admissible. Moreover, de-

fendant Hickey's occupying the premises from time to time prior to the purchase by the plaintiff was a circumstance competent to be given in testimony as tending to prove his license during the period averred in their answer. It devolved upon the defendants to prove their defense. It has been written that:

"The burden of showing the existence of a license is on him who claims it; and to the end of establishing the license, right evidence is admissible as tending to prove the license when it proves that the claimant repeatedly went on the land and did acts there with the knowledge of, and without any objection from, the owner of the land. But the mere failing to object to the acts of another is only evidence of a license, not a license in itself." 17 R. C. L., p. 593, § 102.

The objections to the testimony adduced for the purpose of proving circumstances tending to establish license are without merit. This holding disposes of the objection to the court's instructions. The court advised the jury that:

"There is some evidence in this case, gentlemen of the jury, in relation to the possession prior to the conveyance whereby plaintiff secured title; and I instruct you in that particular that the evidence was admitted for the purpose of what light it might shed on the question of consent in the case. Occupancy previous to the conveyance does not constitute a defense in this action, and you are to consider that testimony in the case in the light of all the other testimony in the case for what light it may shed on the question of consent, if there was any, in this case."

The decisive point in this case as made by the pleadings was whether or not defendants pastured the land and cut the grass with consent of the plaintiff. If they mowed the grass and depastured the

land with his consent, they would not be trespassers and the plaintiff could not recover damages. All of the evidence offered upon the part of defendants and objected to by plaintiff was competent as tending in some degree to show license. The knowledge of plaintiff and his predecessors and their failure to object did not give the defendants a license, but such knowledge and failure to object constitute some evidence thereof.

There was neither error in the ruling of the court on the admission of evidence, nor in its instructions. This case is affirmed.                    AFFIRMED.